THE STATE, Respondent, vs. SCHWIN, Appellant.

*January 16 — February 2, 1886.*

*(1) Pleading: Forfeiture: Encroachment on highway. (2–4) Plat of lands: Dedication: Court and jury: Evidence. (5–7) Acknowledgment of plat: Certificate.*

1. In an action to recover a penalty for an encroachment upon a highway the complaint stated, by mistake, that the defendant was indebted to the plaintiff for a penalty or forfeiture according to the provisions of sec. 1330, R. S.— instead of sec. 1331; but upon a motion to make more definite and certain it was amended so as to allege further that the penalty became due on account of an encroachment upon a certain street in a certain village. *Held,* that the complaint was sufficient.

2. Evidence *in pais* to show dedication of a street should be submitted to the jury; but the validity and sufficiency of a recorded plat under which a dedication is claimed are to be determined by the court.

3. So, also, if the location, dimensions, and identity of a street can be ascertained from recorded plats alone, those questions may properly be decided by the court; but if they depend upon evidence of user and practical location they should be submitted to the jury.

4. Where a plat is recorded as an addition to and extension of a former plat, such former plat may be referred to to determine the location of a street which is shown upon the later plat as an extension of a street of the same name upon the original plat.

5. The word "certify" is not essential to a certificate.

6. It is not essential that the acknowledgment of a plat should be in the same words and form as the acknowledgment of a deed. *Weisbrod v. C. & N. W. R. Co.* 18 Wis. 43, explained.

7. A certificate of acknowledgment of a plat stating that on a certain day "personally appeared before [the certifying officer], S. A. Vandercook, the proprietor of this addition to Newburg, and acknowledged the above to be his signature, and desired that this plat might be recorded," is *held* sufficient to entitle the plat to be recorded.

APPEAL from the Circuit Court for *Washington* County.

The action was commenced in justice's court. A written complaint was filed which states that one Peter Lochen is the acting chairman of the board of supervisors of the town of Trenton, Washington county, Wisconsin, and as such chairman makes and presents the complaint and prosecutes the action in the name of the state; that the defendant " is indebted to the plaintiff in the sum of $200 for a penalty or forfeiture according to the provisions of section 1330 of chapter 52 of the Revised Statutes of the state of Wisconsin. Wherefore the plaintiff demands judgment," etc.

Afterwards, upon demand by the defendant, the following statement of the nature of plaintiff's demand was made: "Plaintiff states that the penalty or forfeiture named in the complaint has become due from the defendant from and on account of an encroachment upon a highway known as Salisbury street in the village of Newburg in said town of Trenton."

The defendant answered denying that there was any legal street at the place of the alleged encroachment, and alleging that the *locus in quo* was the property of the defendant, and that he and his grantor had been in the uninterrupted and adverse possession thereof for more than twenty years. The defendant also filed the requisite bond, and the cause was certified to the circuit court for trial.

Other facts will appear from the opinion. At the close of the testimony the circuit court directed the jury to re-

turn a verdict in favor of the plaintiff; and from the judgment entered on such verdict the defendant appealed.

For the appellant there was a brief by *P. & T. O'Meara*. and *I. N. Frisby*, and oral argument by *Mr. P. O'Meara*. They contended, *inter alia*, that in an action of this kind the complaint must state facts showing at least the existence and location of the highway and of the encroachment, in order to enable the defendant to plead title if necessary to protect his rights. *State v. Huck*, 29 Wis. 208; *State v. Egerer*, 55 id. 527; *Teetshorn v. Hull*, 30 id. 162; *Kellam v. Toms*, 38 id. 592. The plat of the addition was not executed in compliance with the statute so as to make the street a highway by grant. The acknowledgment would not have been a good acknowledgment of a deed, and was therefore insufficient. *Weisbrod v. C. & N. W. R. Co.* 18 Wis. 43; *S. C.* 21 id. 602; *Gardner v. Tisdale*, 2 id. 153; *Emmons v. Milwaukee*, 32 id. 434; *Hayden v. Wescott*, 11 Conn. 131; *Stanton v. Button*, 2 id. 527; *Jackson v. Gumaer*, 2 Cow. 552, 567. Dedication of land for a street is a question of fact which should be submitted to the jury. *Eastland v. Fogo*, 58 Wis. 274; *Barteau v. West*, 23 id. 416.

For the respondent there was a brief by *Barney & Kuechenmeister*, and oral argument by *Mr. Barney*.

ORTON, J. This is an action brought to recover the *per diem* forfeiture for the continuance of an encroachment upon Salisbury street, in Vandercook's addition to the village of Newburg, after the service of the proper order of the town supervisors to remove the same. It is provided in sec. 3295, R. S., that "it shall be sufficient [in such an action] to allege in the complaint that the defendant is indebted to the plaintiff in the amount of the forfeiture claimed, according to the provisions of the statute which imposes it, specifying the section and chapter containing such statute." Sec. 1330, R. S., provides for the supervisors making an order that the

occupant of the land through which the street runs, and to which any fence, building, or fixture shall be appurtenant, to remove the same beyond the limits of the highway within thirty days; and sec. 1331 imposes the forfeiture in case of the non-removal of the same. Sec. 1330 contains provisions preliminary to the imposition of the forfeiture contained in sec. 1331, and relating to the same subject matter, and may be said to be a part of the provisions imposing the forfeiture as necessary conditions of it; but strictly the latter section only can be said to *impose* the penalty. The complaint was framed evidently to meet the requirement of the above sec. 3295 by referring to the section imposing the forfeiture, but it referred only to sec. 1330. The defendant's counsel moved that the plaintiff furnish a bill of particulars, which in such an action was tantamount to a motion to make the complaint more definite and certain, and thereupon the complaint was amended by the following allegations, namely: "Plaintiff states that the penalty or forfeiture named in the complaint has become due from the defendant from and on account of an encroachment upon a highway known as 'Salisbury street,' situated in the village of Newburg, in said town of Trenton." The defendant answered, denying the existence of any legal street at the place of the encroachment, and setting up adverse possession of twenty years of the *locus in quo.*

On the trial the defendant objected to any evidence under the complaint, because it did not state a cause of action. The first exception is to the overruling of that objection. The learned counsel of the appellant contends that the complaint, in not referring to the section imposing the forfeiture, stated no cause of action. The amendment, however, did state substantially a cause of action without reference to the section, and if the defendant was not satisfied with it because it did not describe the particular place

in the street encroached upon, and the time when, etc., he should have moved that it be made more definite and certain in these respects. But we think, with all due deference to learned counsel of the appellant, and to his clear and critical discussion of the law of pleading, that the amendment, in connection with the first complaint, makes it clearly evident that the reference to sec. 1330, instead of the next section, 1331, was a mere clerical error, readily detected, and could deceive no one. The main object of pleading is to apprise the opposite party of the facts upon which the action or defense is founded, that he may be prepared to meet them. In addition to the fact that the complaint as amended must have been intended to refer to the section imposing the penalty for an encroachment upon a highway, the defendant had been already fully apprised, by the order of the board of supervisors served upon him, of all the particulars of said encroachment, and knew that the suit was instituted on account of his refusal to obey said order. The objection, therefore, was merely technical, and was properly overruled, and was afterwards obviated, if necessary, by the correction of the clerical error in the complaint, and by the verdict, which were made to refer to sec. 1331 and the previous section also.

In order to prove a record dedication to the public of Salisbury street, the record of the plat of Vandercook's addition to the village of Newburg, and the recorded plat of the village of Newburg to which the addition was made, were offered in evidence by the plaintiff. The defendant objected to the introduction of the first-mentioned plat on the ground of the want of the proper certificate and acknowledgment. No specific objections were made to the original plat. In addition to these plats, the plaintiff introduced considerable evidence tending to show the dedication of this particular street by evidence *in pais;* such as the making of deeds by the proprietor, describing lots and blocks

in accordance with the plat of the addition, and the existence of fences and buildings along such street, and some other physical monuments indicating its location, and acts of estoppel on the part of the defendant in recognition of said street. By the authorities referred to by the learned counsel of the appellant there can be no doubt that the true rule is that such evidence *in pais* to show dedication should have been submitted to the jury. Not so, however, as to the record evidence by the plat. It is the province of the court to decide whether the law has been complied with in making such plat; and, if correctly made, it is sufficient evidence of the dedication, and the court may properly so charge the jury, and order a verdict. This case, therefore, rests upon the legality of the plat of the addition, and the location of the street thereon; for the court ordered a verdict for the plaintiff, and if the plat was fatally defective, and not sufficient evidence of dedication, it was error to have taken the question of dedication by acts *in pais*, away from the jury. The court admitted the plat as sufficiently certified and acknowledged, and, if this was correct, then he had the right to instruct the jury to find for the plaintiff, so far as the question of dedication is concerned.

But there was another important question depending upon the plat, and that was the location, dimensions, and identity of Salisbury street in respect to the encroachment. This question was also taken from the jury, and if such location, dimensions, and identity of the street can be ascertained from an inspection of the plats alone, it was a proper question to be decided by the court; but if it cannot, and depended upon the evidence of user and practical location introduced, then it was error to have ordered a verdict for the plaintiff so far as this question was concerned also. So that these are two important questions upon this appeal.

*First*, then, as to the certificate and acknowledgment of the plat. The statement made by the surveyor, which was

offered as a sufficient certificate, appears to be explicit and full as to all necessary facts of the survey, dimension of streets and lots, and other facts. The statute only requires that when the plat is made it shall be certified by the surveyor. That statement is a sufficient certificate under sec. 4, ch. 41, R. S. 1849, under which the plat was made, in all respects except in *name*. It fails to state, "It is hereby *certified*." To " certify " is "to testify to in writing;" "to make known or establish as a fact." Webst. Dict. This statement complies with the meaning of the word " certificate," and is therefore a certificate in substance, and that is sufficient. It is enough that the law will call it a " certificate." The same section requires the proprietor to acknowledge the plat, but does not state in what words or manner; and that the officer taking the same shall append his certificate of such acknowledgment, but does not state what words the certificate shall contain, or in what form it shall be. The certificate of the acknowledgment is as follows:

"*State of Wisconsin, County of Washington — ss.:* On this 1st day of December, 1885, personally appeared before me, S. A. Vandercook, the proprietor of this addition to Newburg, and acknowledged the above to be his signature, and desired that this plat might be recorded.

"I. N. GILSON, Justice of the Peace.

"Witness: I. N. GILSON.

"T. E. VANDERCOOK."

The acknowledgment of his signature is substantially an acknowledgment of the execution of the plat, and desiring to have it recorded is substantially a statement that it was executed for the purposes therein implied; and that is, that it shall be a good and sufficient plat of his land as an addition to the village of Newburg. The identification of S. A. Vandercook as "the proprietor of this addition to Newburg" would seem to be nearly tantamount to saying, " known to me to be the person who made and acknowl-

edged it." This would come very near, certainly, to a good acknowledgment of a deed, in which such statement is required to be made, according to *Hiles v. La Flesh*, 59 Wis. 465, and to cases cited in the opinion. But the statute does not require any particular form of acknowledgment. What was said in the opinion in the case of *Weisbrod v. C. & N. W. R. Co.* 18 Wis. 43, as to plats being required to be acknowledged and recorded "in the same manner" as deeds, cannot mean that the acknowledgment of a plat shall have the same words and form of an acknowledgment of a deed, because there was and is no such statutory requirement. It meant only that it should be acknowledged and recorded the same as a deed, in order to have effect in passing the title of the streets and other grounds to the public. We think that the certificate of acknowledgment is substantially sufficient to entitle the plat to record, and is a sufficient dedication of Salisbury street to the public, if, by the plat, its location and dimensions can be ascertained.

The *second* question is, then, Can this be done, or was its location thereby determined on the trial? One of the surveyors who testified on the trial was Mr. Towsley, an old and experienced surveyor, and the surveyor who laid out the original plat of the village. He undertook to ascertain where Salisbury street is by starting from the surveyor's monument in block 1 of the addition, and adding up the figures on the lots and the width of the streets running east and west from said point, and running a line therefrom to verify such figures as the true distances; and he failed, by reason of some mistake in such figures or distances to find the street agree with the same street in the original plat. Mr. Coe, another old and experienced surveyor, had the same difficulty; but he also surveyed from the monument in the old plat, and found the street nearly straight with the corresponding street in the old plat. It is quite clear that the distances marked on the plat are not all correct,

and this is a very common fault in the plats of Wisconsin villages of an early day. These distances generally constitute the most unreliable *data* for determining the location of either streets or lots. The better and more reliable evidence are the monuments placed to indicate locations at the time of the survey, or which were adopted for that purpose. The plat in question is a peculiar one in respect to its being not only an addition to, but an *extension* of, the original plat made in 1850. That plat was a small one, and embraced only one tier of blocks running east and west, and the streets between the same, and having only four such regular blocks. The streets running north and south terminated in the open country until this addition was made. It is apparent from the plat itself that Salisbury street was laid out as an extension of the same street in the original plat, and is of the same width and direction, and so also with the adjacent blocks on each side of that street. The surveys made according to the courses and distances on the plat itself, without reference to the original plat, make a considerable jog in all of the north and south streets at their junction with the same streets in the old plat, and this throws them out of relation with the same streets in the old plat. In the certificate appended to the plat Buffalo street is to intersect Main street on the old plat at a certain angle. It is clearly apparent that it was the intention to have these streets running north and south commence at the termination of the old streets, and to run south in the same direction and of the same width; and that especially Salisbury street should commence at the southern termination of the same street in the old plat, and to run in the same direction and of the same width, as indicated by the blocks on either side being of the same dimensions. Here, then, we have a permanent and fixed monument in the original recorded plat of the village by which Salisbury street can be located with positive certainty, and its width ascer-

tained. It is the best possible evidence to determine the location and width of Salisbury street. Physical monuments in or on the ground may perish or be removed, but this monument of the old recorded plat is permanent. By this unerring criterion, Salisbury street is encroached upon by the defendant several feet by means of his building. The street in the old plat is well known, and there was no question where it is; so there could be no question where its extension through the plat of the addition is. The old plat and the new one are now but one plat, with the same names of the north and south streets, and so they appear in the plat introduced in evidence. The use of the old plat as a monument by which the street in question can be ascertained, is sanctioned by the doctrine of *Racine v. J. I. Case Plow Co.* 56 Wis. 539, and the cases cited therein, and there can be no question of the correctness of the use of the old plat as a monument for that purpose. In that view, the court had a right to treat the location, dimensions, and identity of Salisbury street as sufficiently proved and established by the two plats in evidence, without other evidence, and assume that the defendant had encroached upon that street as charged, and instruct the jury to find for the plaintiff on that question also.

The zeal and ability of the counsel on both sides of this case displayed in the argument were worthy of success. We think that the circuit court was warranted by the evidence of record alone to order the verdict, and there appear to be no errors in the record that should reverse the judgment.

*By the Court.*— The judgment of the circuit court is affirmed. .