Argued July 22; decided October 28, 1895.

## STATE *v.* GEE.
[42 Pac. 7.]

FORGERY — ROAD SUPERVISOR'S "CERTIFICATE"— CODE, § 1808.— An instru-ment denominated a "time check," purporting to be approved by a road supervisor, and indicating that the person to whom it appears to have been issued had performed certain work on a certain public road, the value thereof being a stated amount, is a "certificate" that may be the subject of forgery, within the meaning of section 1808 of Hill's Code, which denounces the forging of any "certificate" of any public officer, in relation to any matter wherein such certificate may be received as legal evidence, and of section 4085, which requires road supervisors to "certify" to the county court their accounts for labor and material used on the public roads.

The defendant, David L. Gee, was indicted for knowingly uttering and publishing a certain forged and counterfeit writing, in form and similitude of the certificate described in the indictment. It is charged, in substance, that pursuant to section 4085 of Hill's Code, as amended by the act of February twentieth, eighteen hundred and ninety-three (Session Laws, 1893, p. 60), the County Court of Multnomah County, on January seventeenth, eighteen hundred and ninety-four, levied a tax of one mill upon all taxable prop-erty within the county, which was collected and kept as a separate fund, known as the "road fund," to be used for the purpose of laying out, opening, making, and repairing county roads. Here follow allegations showing the establishment of road district number six, the apportionment of certain road funds to the dis-trict, and the appointment and qualification of John

Conley as supervisor thereof. The indictment then
continues: "That by virtue of such office as super-
visor it became and was the duty of him, the said
John Conley, to direct and supervise the expenditure
of said moneys as aforesaid appropriated to said road
district number six pursuant to law, by the County
Court of Multnomah County, for making and repair-
ing county roads in his said road district, and to em-
ploy laborers to perform such work and labor as he
deemed proper in making and repairing county roads
in said district, and to issue certificates, to persons so
performing labor and furnishing materials in making
and repairing county roads in his said district under
and by his direction and supervision, of the amount of
labor so performed or materials furnished, and the
compensation to be paid therefor; that the certificate
so issued by him, the said John Conley, as supervisor
aforesaid, entitled the holder thereof to recover from
said Multnomah County the amount of money named
in said certificate to be due the person therein named
for labor performed as aforesaid, and created, when
approved by the County Court of said Multnomah
County, an indebtedness from the said county of Mult-
nomah to the person named in said certificate of the
amount of money therein named and certified to by
the said John Conley, supervisor as aforesaid, to be
due the said person for labor performed upon the
county road in said road district number six." Then
follows a description of the certificate and the formal
charging part of the indictment. A copy of the cer-
tificate is contained in the indictment, and is as fol-
lows:—

"$91.00.

Name, MILES STANLEY.

No. 5196.

TIME CHECK FOR THE MONTH OF DECEMBER, EIGHTEEN HUNDRED AND NINETY-FOUR, DISTRICT NUMBER SIX.

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | Total hours. | Rate per hour. | Amount. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Team and driver. | 10 | — | 10 | 10 | 10 | 10 | 10 | 10 | — | 10 | 10 | 10 | 10 | 10 | 10 | — | 10 | 10 | 10 | 10 | 10 | 10 | — | 10 | 10 | 10 | 10 | 10 | 10 | — | 10 | 260 | .35 | $ 91 00 |
| Man | — | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | — |

"*Multnomah County, Oregon, December 31, 1894.*

"Multnomah County, Oregon, pay to the order of Miles Stanley the sum of ninety-one dollars, in full for twenty-six days' work on Sandy Road.

"Approved: JOHN CONLEY,
. "Supervisor.

Foreman."

A demurrer to this indictment was argued to and sustained by the trial court, from which the state appeals under the provisions of the act of February twentieth, eighteen hundred and ninety-three (Session Laws, 1893, p. 60).          AFFIRMED.

Opinion by MR. JUSTICE WOLVERTON.

The only theory upon which this case can proceed is that the law has provided for an official certificate or return of a road supervisor, which may be received by the county court as legal evidence of the facts certified to, and has further prescribed a penalty for forging or counterfeiting the same, and for uttering such certificate so forged or counterfeited with intent to defraud. The indictment is drawn under section 1808, Hill's Code of Oregon which provides that "If any person shall, with intent to injure or defraud any one, falsely make, alter, forge, or counterfeit any public record whatever, or any certificate, return, or attestation, of any clerk, notary public, or other public officer, in relation to any matter wherein such certificate, return, or attestation may be received as legal evidence, or any note, certificate, or other evidence of debt issued by any officer of this state, or any county, town, or other municipal or public corporation therein, authorized to issue the same, or any contract, charter, letters patent, deed, lease, bill of sale, will, testament, bond, writing obligatory, undertaking, letter of attorney, policy of insurance, bill of lading, bill of exchange, promissory note, evidence of debt, or any acceptance of a bill of exchange, indorsement, or assignment of a promissory note, or any warrant, order, or check, or money, or other property, or any acquittance or discharge for money or other property, or

any plat, draft, or survey of land; or shall, with such intent, knowingly utter or publish as true and genuine any such 'false, altered, forged, or counterfeited record, writing, instrument, or matter whatever, such person, upon conviction thereof, shall," etc.    Section 4085, Hill's Code, upon which the indictment is partly based provides, among other things, that: ''Such county court shall apportion the taxes so collected among the several road districts in the county.   *   *   *   the county clerk shall thereupon notify the road supervisor in each of the road districts in his county of the amount of the road fund set apart for the use of his road district for opening, making, and repairing county roads, and building bridges in his road district; and such supervisor shall direct and supervise the expenditure of such amount of the road fund so set apart for the purpose herein named, and certify his accounts for labor performed or material furnished to the county court; and if the county court approve the same, it shall order warrants on the county treasurer in favor of the person performing such labor or furnishing such material, payable out of the fund to the credit of such road district until such fund is exhausted."

By this act the county court is made the auditing board, and the funds set apart to the different road districts are disbursed under its supervision.   The supervisor whose duty it is to direct and supervise the expenditures, is required to certify to the county court his accounts for labor performed or material furnished.   These certified accounts constitute the vouchers upon which the court acts, and upon which it bases its orders for drawing warrants against the particular fund.   The orders must require the warrants to be drawn in favor of the person or persons

performing labor or furnishing material. No especial method is prescribed for the supervisor in keeping his accounts, nor is he directed or required to certify them to the county court in any particular form; so that any intelligible form of account which indicates with reasonable fullness the amount, nature, and kind of work done or material furnished, with the date and name of the person doing or furnishing the same, the value thereof, and the number of the road district, would be sufficient. So, with the certificate, any form which informs or assures the county court that the account in question is the account of the supervisor is sufficient. To "certify" means simply "to testify in writing"; "to make a declaration in writing"—Webster. It is not even necessary that the word "certify" or "certified" be used in the certificate, but it is sufficient if the required statutory fact be made known in writing under the hand of the officer: *State* v. *Schwin,* 65 Wis. 213 (26 N. W. 568). It would be the duty of the county court to recognize and act upon any form of certificate which is legally sufficient under the statute, and which would operate under the law as a supervisor's certified account of labor expended or material furnished for the use of the road district. The legal efficacy of such a certificate consists, not in its potency, if genuine, in creating a demand against the county, but in its capability of being utilized as legal evidence of the facts stated therein; and the test here is, not as is the case ordinarily, whether the certificate presents upon its face or through allegations in aid of it a suable demand, but whether the instrument is such an one that, if genuine, the county court must consider it as legal evidence of the amount and kind of labor done and performed or material furnished in the matter of de-

termining whether or not it shall "order warrants on the county treasurer." If the official certificate, return, or attestation is sufficient for this purpose, it is the subject of forgery under the statute; otherwise, not.

Now, the account and certificate relied upon consists of an instrument denominated "Time check for the month of December, eighteen hundred and ninety-four, district number six," underneath which are written the words, "Approved: John Conley, supervisor." The so-called "time check" indicates with reasonable definiteness and certainty that Miles Stanley served time, or performed two hundred and sixty hours work with team and driver, in the month of December, eighteen hundrd and ninety-four, for district number six, the value being specified at ninety-one dollars. This is an intelligible and sufficiently definite account of labor done and performed. It requires no stretch of the imagination to understand from it that Miles Stanley did and performed, with team and driver, within or for district number six, two hundred and sixty hours' labor during the month of December, eighteen hundred and ninety-four, for which he should receive ninety-one dollars; so that the account itself is sufficient. But, has it been sufficiently certified to the county court to entitle it to be considered evidence of the fact that Miles Stanley performed labor as shown by the account? The word "approved," written beneath the account, with the signature of the supervisor subscribed in his official capacity, is, as we think, a sufficient official certification of the account. It identifies the account as that of the supervisor, and is · equivalent to making it "O K" or "correct," which is usually recognized as a certification in ordinary business affairs. The fact that what purports to be an order drawn upon Multnomah County intervenes be-

tween the account and the word "approved" does not
change the effect of the certificate. Apparently, it was
intended that this order should be signed by somebody
as foreman, but, with or without the order, the ac-
count may be said to have been certified to the county
court by the supervisor. The order unsigned by the
foreman can have no effect in any event, whether it
be considered approved by the supervisor or not. It
cannot reasonably be considered as the supervisor's
order as it does not so purport to be. The instrument,
if considered genuine, was therefore the subject of
forgery.

The indictment, however, is deemed faulty and in-
sufficient. It is alleged, among other things, that it
was the duty of the supervisor "to issue certificates
to persons performing labor and furnishing material,"
etc., and "that the certificate so issued by him, the
said John Conley, as supervisor aforesaid, entitled the
holder thereof to receive from said Multnomah County
the amount of money named in the certificate," etc.,
and the charging part of the indictment proceeds upon
the idea that this certificate is of such a nature that, if
genuine, it would create a demand against the county.
We have seen that such is not the case. The instru-
ment set forth by copy, instead of "purporting to be
a certificate entitling the holder thereof to the pay-
ment of the compensation therein named by Multno-
mah County, for work and labor performed upon a
county road in road district number six in said Mult-
nomah County and State of Oregon," and "purport-
ing to entitle one Miles Stanley to the payment of
ninety-one dollars by the said Multnomah County and
State of Oregon," simply purports to be an account
with one Miles Stanley for two hundred and sixty
hours work and labor with man and team, done and

performed at thirty-five cents per hour in district number six, certified by the said John Conley, supervisor, which certified account was receivable by the County Court of Multnomah County, Oregon, as legal evidence that such work and labor had been done and performed in said district number six by the said Miles Stanley. These facts should have been appropriately alleged in the indictment: *State* v. *Johnson,* 26 Iowa, 407 (96 Am. Dec. 158). If it is true that the county court has adopted this form of certificate, or has been accustomed to receive the same as legal evidence of the facts it purports to certify, this is a matter of proof, and it is unnecessary to allege it in the indictment: *Commonwealth* v. *Costello,* 120 Mass. 369; *Horton* v. *State,* 32 Texas, 82; *People* v. *Bibby,* 91 Cal. 470 (27 Pac. 781). The official certificate must of itself be legally competent as evidence; if otherwise, it cannot be aided by the allegation of extrinsic facts: *Commonwealth* v. *Costello,* 120 Mass. 369; *Raymond* v. *People,* 2 Colo. App. 329 (30 Pac. 504); *People* v. *Heed,* 1 Idaho, 531; *State* v. *Briggs,* 34 Vt. 501; *Cunningham* v. *People,* 4 Hun, 455; *People* v. *Harrison,* 8 Barb. 560; *Fadner* v. *People,* 33 Hun, 240. These considerations make it incumbent upon us to affirm the judgment of the court below, and it is so ordered.

AFFIRMED.

