CHARLES L. BONNEY

*v.*

JAMES D. LAMB *et al.*

*Opinion filed June 23, 1904.*

1. PLEADING—*effect of filing answer to original bill without notice of amended bill.* Filing an answer to an original bill without notice that amended and supplemental bill has been filed is not a waiver of the right to demur to the latter.

2. SAME—*bill will not lie to review consent decree.* A decree entered by consent of the parties cannot be appealed from, nor set aside by a bill of review.

3. SAME—*when bill is multifarious.* A bill in equity which seeks to litigate a number of matters of a distinct and independent nature between the complainant and the various defendants is open to special demurrer for multifariousness.

4. SAME—*dismissal of amended bill carries original bill as amended.* Dismissal of an amended and supplemental bill upon demurrer carries with it the original bill as amended.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

Margaret A. Bonney filed a bill for divorce against the appellant in the circuit court of Cook county on the ground of extreme and repeated cruelty. The appellant entered his appearance and filed an answer admitting the allegations of the bill, and on December 19, 1899, a decree of divorce was entered in accordance with the

prayer of the bill. The question of alimony was reserved, and subsequently a consent decree was entered reciting that the parties had reached an agreement as to the amount of money which the defendant should pay the complainant and the particular property which he should convey to a third party and certain promissory notes which he should give to said third party, by way of permanent alimony, for the maintenance of his said wife and his three minor children, and finding that the appellant had paid the complainant said money, and had conveyed to James D. Lamb, for the benefit of complainant and said children, the said property and given to Lamb the said promissory notes, and that the appellant had in all respects fully complied with said agreement, whereupon the court ordered, adjudged and decreed "that the complainant have and take the said money and the proceeds of said real estate and the notes executed by the said defendant in pursuance of the agreement between the complainant and the said defendant for alimony, and for her maintenance and for the support and education of their three children, as and for her permanent alimony, and in full satisfaction of all of her demands upon the defendant and right to call upon him for alimony and maintenance of herself and said children."

On February 14, 1902, the appellant filed in the circuit court of Cook county the original bill herein, alleging that in December, 1899, he conveyed to Lamb, pursuant to said decree for alimony, certain real estate of the value of $39,520, paid him $2500 in cash and gave him $10,000 in notes, in trust, one-sixth of the proceeds of which was to be used for the support of each of the three minor children of the appellant during their minority and one-half was to be used for the support of his divorced wife, with remainder over to appellant, and averred Lamb had not managed the estate with prudence, but had wasted the cash and had encumbered the real estate, and that Lamb was a non-resident of the State of Illinois. The

bill prayed for an accounting, and that Lamb be removed and a trustee appointed who resided within the jurisdiction of the court. On March 4 the appellant filed his "amended and supplemental bill," making Lamb, his divorced wife, his three children, his brother Lawton C. Bonney and the People's Trust and Savings Bank parties defendant thereto. On March 5 Lamb, without notice that said amended and supplemental bill had been filed, answered said original bill, denying the material allegations thereof, to which answer the appellant filed a replication. Lamb, Mrs. Bonney and the bank afterwards filed a general and special demurrer to said amended and supplemental bill, which was sustained and said amended and supplemental bill was dismissed. A guardian *ad litem* was appointed and filed an answer and cross-bill on behalf of said minor defendants, and Lawton C. Bonney filed an answer and also a cross-bill. The cause, subsequent to the sustaining of the demurrer of Lamb, Mrs. Bonney and the bank to said amended and supplemental bill, was referred to a master. Upon the coming in of the master's report a decree was entered dismissing the original and cross-bills. The case was taken by appeal to the Appellate Court for the First District, where the action of the circuit court in sustaining the demurrers to said amended and supplemental bill and in dismissing the original and cross-bills was sustained, and a further appeal has been prosecuted to this court.

Louis J. Behan, for appellant.

Lyman M. Paine, for appellee L. C. Bonney; Petit, Parker & Kopf, for guardian *ad litem* Adelor J. Petit; Thomas S. McClelland, for other appellees.

Mr. Justice Hand delivered the opinion of the court:

This record consists almost wholly of the pleadings filed by the several parties to the suit, which in many instances are very voluminous, and it would serve no

210—7

useful purpose to incorporate even the substance thereof into this opinion. Suffice it to say that the original bill was filed by Charles L. Bonney against Lamb for an accounting, and for his removal as trustee and the appointment of a new trustee; that the amended and supplemental bill was filed by said Bonney with a view to obtain an accounting by Lamb, his removal as trustee and the appointment of a successor; also to review the consent decree for alimony entered in the divorce suit brought against him by his wife, and to adjust certain partnership matters between himself and his brother, Lawton C. Bonney, and between himself and Lawton C. Bonney, as co-partners, and his divorced wife; and the cross-bill of Lawton C. Bonney, and that of the guardian *ad litem* filed on behalf of the minors, contained substantially the same averments as the amended and supplemental bill filed by the appellant, and sought the same objects sought by the amended and supplemental bill.

It is first contended that Lamb having filed an answer to the original bill subsequent to the filing of the amended and supplemental bill, the answer should be held to be an answer to the amended and supplemental bill, and that he waived his right to demur to the said amended and supplemental bill. Lamb had no notice of the filing of the amended and supplemental bill at the time he filed his answer to the original bill, and from an examination of the answer filed by him it is clear it was filed as an answer to the original bill, and the chancellor and the Appellate Court properly so treated it. It was not, therefore, error to refuse to strike the demurrers as to Lamb to the amended and supplemental bill from the files.

It is also contended that the court erred in sustaining the demurrers of Lamb, Mrs. Bonney and the bank to said amended and supplemental bill. The rule in this State is well established that a decree entered by consent cannot be modified or impeached by bill of review.

In *Armstrong* v. *Cooper*, 11 Ill. 540, on page 542, this court said: "A decree made by consent cannot be appealed from nor can error be properly assigned upon it. Even a rehearing cannot be allowed in the˜suit; nor can the decree be set aside by a bill of review,"—which language was quoted with approval and the rule re-announced in *First Nat. Bank of Joliet* v. *Illinois Steel Co.* 174 Ill. 140. The amended and supplemental bill also sought to litigate a number of matters of a distinct and independent nature between the appellant and the defendants to said bill. This cannot be done, and the amended and supplemental bill was, by reason of that fact, vulnerable to the special demurrer on the ground that it was multifarious. We are of the opinion the demurrers were properly sustained to the amended and supplemental bill.

It is also urged it was error to dismiss the cross-bills of Lawton C. Bonney and that of the guardian *ad litem* filed on behalf of the minor defendants. The sustaining of the demurrers to the amended and supplemental bill, and the dismissal thereof, was the final disposition of the original and amended and supplemental bills. In *Bradish* v. *Grant*, 119 Ill. 606, it was held that the amendment of a bill does not put two bills into the case; that there remains, after the amendment is made, but one bill, —the bill as amended; that the dismissal of the amended bill amounts to a dismissal of the bill as amended, and that the amended bill is considered as an original bill. The dismissal of the amended and supplemental bill was therefore a dismissal of the original bill as amended. The cross-bill of Lawton C. Bonney, and that of the guardian *ad litem* filed upon behalf of the minor defendants, contained substantially the same averments found in the amended and supplemental bill and prayed the same relief, were unnecessary and were properly dismissed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*