First National Bank of Chicago, Appellee, v. Bettina T. Whitlock, Appellant.   Elizabeth Whitlock Wilson et al., Appellees.

Gen. No. 42,964.

128

Heard in the second division of this court for the first district at the February term, 1944. Opinion filed November 6, 1945. Released for publication November 20, 1945.

JOHN W. DORGAN and EDWARD R. NEWMANN, both of Chicago, for appellant; ODE L. RANKIN, of Chicago, of counsel.

WILSON & McILVAINE, of Chicago for certain appellee; CLAY JUDSON and SIDNEY K. JACKSON, both of Chicago, of counsel.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This appeal by Bettina T. Whitlock seeks to reverse a decree, which dismissed her amended cross complaint for want of equity. The First National Bank of Chicago (hereinafter for convenience sometimes referred to as the Bank), a successor trustee under the will of William A. Whitlock, deceased, filed its complaint on January 13, 1942 against its cotrustee, Bettina T. Whitlock, and all the beneficiaries under said will alleging in part that Bettina T. Whitlock, individually, the testator's widow and one of the beneficiaries under a trust created by his will, claimed payments out of the principal or corpus of such trust. The complaint requested the court's instructions as to plain-

tiff's duty as trustee in view of a decree theretofore entered on December 14, 1934.

Bettina T. Whitlock filed an answer and an affirmative defense. Elizabeth Whitlock Wilson, the testator's daughter and one of the beneficiaries under the aforesaid testamentary trust, filed motions to dismiss the bank's complaint and to dismiss the affirmative defense of Bettina T. Whitlock. The other beneficiaries filed an answer to the bank's complaint.

The motions to dismiss of Elizabeth Whitlock Wilson were sustained on November 23, 1942. The bank elected to stand upon and abide by its complaint and same was thereupon dismissed. The bank has not appealed from or otherwise questioned such order of dismissal.

Pursuant to leave granted, Bettina T. Whitlock filed a cross complaint on January 7, 1943 to which the bank was not made a party and it filed no pleading thereto. Motions to dismiss the cross complaint were filed but before such motions were heard Mrs. Whitlock filed an amended cross complaint. Motions to dismiss the amended cross complaint were filed by Elizabeth Whitlock Wilson and the other beneficiaries. These motions were sustained and Bettina T. Whitlock electing to abide by her amended cross complaint, same was dismissed for want of equity on June 21, 1943. It was from this final order of dismissal that this appeal was taken.

For a proper understanding of the issues presented herein it is necessary to set forth somewhat fully the salient facts concerning this controversy since its inception, as they appear from the allegations of the amended cross complaint of Bettina T. Whitlock.

William A. Whitlock died May 3, 1928 leaving a last will and testament dated August 5, 1927, which was admitted to probate in the probate court of Cook county on June 22, 1929.

That portion of his will involved herein is as follows:

"Fifth: I give, devise and bequeath all the rest and residue of my estate, real, personal and mixed and wheresoever situate to Bettina T. Whitlock and the Union Trust Company, of Chicago, Illinois, its successor and successors in trust, as. Trustees, in trust and upon the terms, trust and conditions hereinafter set out:

"A. For and during the life of my wife, Bettina T. Whitlock, the Trustees shall pay to her the net income from said residue estate and I expressly authorize the Trustees, in addition to said payments to be made of such income to said Bettina T. Whitlock, to make appointment of and to pay said Bettina T. Whitlock out of the principal from which such income is derived, and in diminution of such principal, such amounts not to exceed in any one year the amount of five per cent (5%) of the amount of such principal as valued by the Trustees at the beginning of such year, as said Trustees shall be of the opinion should be paid and applied to meet any emergency such as illness, or the due care, maintenance and comfort of said Bettina T. Whitlock, the joint judgment of the Trustees to be conclusive in each instance as to the existence of any emergency as occasion for such payment.

"B. Upon the death of my wife, the said Bettina T. Whitlock, the surviving trustee shall transfer to my daughter, the said Elizabeth C. Whitlock [now Elizabeth Whitlock Wilson], one-half of the principal and undistributed net income of said residuary estate free from all trusts hereunder.

"C. The surviving Trustee shall pay semi-annually the net income from the remaining one-half of said residuary estate to my brother, the said Harry O. Whitlock, for and during his life and upon the death of said Harry O. Whitlock the surviving Trustee shall divide said remaining one-half of my residuary estate

into as many shares as there are children of said Harry O. Whitlock surviving him, and shall transfer one of such shares to each of said children.''

The trustees accepted the foregoing trust created by the will and after the trust fund had been established by the executors proceeded to administer said trust. On April 29, 1931 a complaint was filed in the circuit court (Case No. B–219401) by the two trustees (Bettina T. Whitlock and the First Union Trust and Savings Bank, which corporate trustee has been succeeded by the First National Bank of Chicago) for the construction of paragraph Fifth-A of the will, heretofore set forth, and of certain other provisions thereof, which latter provisions are not involved in the instant proceeding.

In case No. B–219401 Bettina T. Whitlock, individually, filed a petition claiming that she was entitled to receive 5 per cent of the then principal of the trust fund for the year 1932, which amounted to $4,820.94, and asked that the court authorize and direct the trustees to make immediate payment of that sum to her. The other beneficiaries of the trust, all of whom were remaindermen, responded to said petition and objected to the payment to Bettina T. Whitlock of the $4,820.94 requested by her for the year 1932, principally on the ground that no emergency existed as contemplated by the will to authorize such payment and that, if she were paid that amount, it would constitute waste of the assets of the corpus of the trust. Thereafter on August 2, 1932 a release was executed by Bettina T. Whitlock which recited that the consideration therefor was the avoidance of further litigation and costs, the withdrawal of the objections of the remaindermen to the payment to her of $4,820.94 out of the principal of the trust fund for the year 1932 and the payment to her of said sum. The release then declared that ''there is a bona fide dispute as to the existence of any emergency at this time to occasion

such payment'' and stated that she ''does hereby release, surrender, relinquish and disclaim any and all rights or claims which she may now have or might in the future arise in her behalf against the said principal of said trust fund.'' The right of Bettina T. Whitlock to the net income of the trust fund during her lifetime was expressly declared not to be modified or affected by the release.

Pursuant to and predicated upon said release an order was entered by Judge Thomas J. Lynch on August 4, 1932 authorizing the payment of said sum of $4,820.94 to Bettina T. Whitlock out of the principal of the trust fund. The trustees complied with this order and paid said amount to her.

Thereafter case No. B–219401 remained dormant until Bettina T. Whitlock, individually, filed a cross complaint therein in 1934 in which she alleged that the aforesaid release was obtained from her by duress; that it was void for want of consideration; and that she had no interest in the principal of the trust which she could release. Her cross complaint concluded with the prayer that the trustees be directed to pay her five per cent of the principal of the trust for the year 1934. Answers were filed by the other beneficiaries denying the allegations of her cross complaint and alleging that there had been a valid settlement and release, of her right to any further payments out of the principal of the trust fund. While the issues made up by her cross complaint and the answers thereto remained pending and undetermined by the trial court, a stipulation was entered into by Bettina T. Whitlock and all of the other beneficiaries of the trust and filed on December 14, 1934. This stipulation was incorporated in and made part of a consent decree entered on the same day by Judge John Prystalski.

This decree states ''that for the purpose of a complete settlement of these proceedings'' the parties (other than the trustees) ''have entered into a stipula-

tion filed this day in open court.'' The stipulation describes the pleadings and contentions of the various parties and sets forth the release executed by Bettina T. Whitlock on August 2, 1932 and the order of Judge Thomas J. Lynch of August 4, 1932. It recites that the parties thereto, ''to prevent the waste of the assets'' of the trust and ''to enter into an amicable settlement of differences,'' agree that a final order and decree, ''completely disposing of said litigation may be entered at this time, that the parties hereto do hereby waive and release any and all errors which may occur in the entering of said order, and do hereby waive any and all right of appeal therefrom.'' The stipulation further recites that the release of August 2, 1932 was the free and voluntary act of Bettina T. Whitlock; that the other beneficiaries were entitled to make the objections which they waived; that she had such an interest as could be released; that there was valid consideration for the release; that she was then in 1934 in dire need of funds; that she no longer had any rights in or to the principal of the trust and that after the payment then agreed to be made to her she was forever barred from asserting any claim in the future for any payment out of the principal of the trust fund. The stipulation also provided that the trustees should pay to Bettina T. Whitlock the sum of $4,014.37, being 5 per cent of the principal of the trust fund for 1934; and that during her lifetime she was entitled to the net income from the trust fund but had no further right to invade the corpus. It then provided for the entry of a decree in accordance with its provisions. It was signed by all the parties other than the trustees and was approved by their respective counsel.

The consent decree found that the court had jurisdiction of the parties and the subject matter; that the release executed by Bettina T. Whitlock on August 2, 1932 was her free and voluntary act; that the parties'

rights were as stated in the stipulation; that she had been paid $4,890.94 pursuant to the order of August 4, 1932; that said release and order "are henceforth from this day res judicata" of her rights in the principal of the trust fund; that Bettina T. Whitlock "has no further rights in or to the principal of said residuary estate" under paragraph Fifth of the will of William A. Whitlock, deceased, and "is forever barred from asserting any claim or claims against or from receiving any payments out of the principal or corpus of said residuary trust estate established in Paragraph Fifth of said will . . . "; and that "the settlement in accordance with the stipulation filed this day herein and set forth in full is fair and equitable, and it is for the best interest of the minor defendant, Betty Jane Whitlock; that she be bound by this decree." Said consent decree then directed the trustees to pay Bettina T. Whitlock $4,014.37 "as a settlement of these proceedings and as further consideration for her execution of the aforesaid stipulation."

The amended cross complaint filed by Bettina T. Whitlock in the instant case, after averring the foregoing facts, alleged substantially that the release executed by her as set forth in the stipulation and consent decree was null and void; that it was wholly without consideration; that the stipulation and decree of December 14, 1934 were void and of no effect, being without consideration; that the stipulation appearing in the decree and the decree itself were void from the beginning in that Bettina T. Whitlock and the First National Bank of Chicago in their capacities as cotrustees were necessary and essential parties to said stipulation; that neither of the cotrustees consented to nor executed said stipulation and that the court exceeded its power in entering said decree; that Bettina T. Whitlock was at all times legally powerless to alienate, sell, assign or transfer the benefits of said trust created in her behalf by said will; that she is in dire

need; that she has been at all times entitled to receive annually a sum equal to 5 per cent of the corpus of the trust, subject to the discretion of the trustees, for the purpose of meeting the emergency contemplated in the will and for her due care, maintenance and comfort; and that ever since the entry of said decree on December 14, 1934, she had been wrongfully deprived of and denied the benefit of said income.

The amended cross complaint concluded with the prayer that the court decree that the stipulation upon which the decree of December 14, 1934 was based was void; that the release executed on August 2, 1932 was void; that said stipulation and said release were without consideration; that Bettina T. Whitlock had no power to alienate, transfer, sell or assign her benefits under the trust created by the will; and that she is entitled to receive 5 per cent of the corpus of the trust for the year 1928 and annually thereafter, within the discretion of the trustees, except for the years 1932 and 1934.

The principal ground alleged in the motions to dismiss the amended cross complaint of Bettina T. Whitlock was that all of the issues in this case and all the claims which she has presented herein were finally adjudicated by the consent decree entered on December 14, 1934 in case No. B–219401, more than seven years before the filing of the complaint in this case, and that said decree is *res judicata* of all such issues and claims.

The paramount question presented for our determination and really the only question that need be considered is whether the consent decree entered December 14, 1934 in the prior litigation is *res judicata* of the claims asserted and the relief sought by Bettina T. Whitlock's amended cross complaint in the instant case.

The parties are the same in this case as they were in the proceedings that culminated in the entry

of the consent decree on December 14, 1934 and Bettina T. Whitlock advanced the same claims in the aforesaid prior litigation as she now asserts in her amended cross complaint. The law is well settled that a judgment or decree of a court of competent jurisdiction is a complete bar to a subsequent suit between the same parties on the same demand or cause of action and, even though such judgment or decree may be erroneous, it is binding upon the parties until reversed and cannot be collaterally assailed. (*People v. Russel,* 283 Ill. 520; *Godschalck v. Weber,* 247 Ill. 269; *Anderson v. West Chicago St. R. Co.,* 200 Ill. 329.)

To avoid the application of this established rule to the situation presented here appellant attempts to differentiate between consent decrees and decrees that are not entered by consent. She contends that "a consent decree is not res adjudicata of any fact"; that "stipulations as to what the law is when decreed upon are void as not being binding upon the court" and that "inequitable consent decrees will not be enforced." The only Illinois decision that she cites in support of her contention that the consent decree of December 14, 1934 is not *res judicata* and a complete bar to the claims advanced by her in the instant action is *Wadhams v. Gay,* 73 Ill. 415. In that case the court refused to enforce a consent decree, wherein the estate of a father in fee had erroneously been recited and found in such decree to be a life estate with remainder in his children. There the court said at p. 437:

"The decree is a misconstruction of the will in declaring a life estate, when the will gave a fee. And although error of law is not to be alleged against a judgment or decree by consent, so as to reverse it, it does not necessarily follow that when an application is made by a bill in chancery for the aid of equity, in carrying the same into execution, and really to supply an omission therein, the character of the judgment or decree, as whether rightful or not, must be entirely

shut out of view in determining whether the court will be moved to act, or remain passive.''

Appellant also cites a few authorities from other jurisdictions which she claims support her instant contention, but we deem it unnecessary to discuss same, since regardless of what the rule may be elsewhere, the law is firmly established in this state that a consent decree, complete in itself, is valid and *res judicata* of the issues determined therein.

In a number of cases wherein *Wadhams v. Gay, supra,* has been cited in support of the proposition that a consent decree is not *res judicata,* that proposition has been rejected and the *Wadhams* case distinguished. In *Hultberg v. Anderson,* 252 Ill. 607, the court stated at p. 616, that the rule enunciated in the *Wadhams* case was that ''when a bill is filed to carry into execution a former decree that is incomplete or defective to such an extent that it cannot be executed without a further decree curing the defect and making it complete, the court may, and will, inquire whether the decree is just and equitable. But this rule has no application to decrees that are complete and perfect and free from any inherent defect which prevents their execution.''

In *Merriam v. Merriam,* 207 Ill. App. 474, this court adverting to the *Wadhams* case said at p. 478:

''In support of the proposition that a consent decree is not res judicata, the cases of *Wadhams v. Gay,* 73 Ill. 415; *Umlaf v. Umlaf,* 117 Ill. 580; *Wahle v. Wahle,* 71 Ill. 510, are cited. Each of these cases was analyzed and commented upon by the Supreme Court of the United States in the case of *Harding v. Harding,* 198 U. S. 317, where the same contention was made. It was there held that these cases did not support such contention, and that the general rule in Illinois was 'that a consent decree has the same force and effect as a decree *in invitum,*' citing *Knobloch v. Mueller,* 123

Ill. 554; *O'Connell v. Chicago Terminal Transfer R. Co.,* 184 Ill. 308. To the same effect is *Healy v. Deering,* 231 Ill. 423, where it was held that a decree entered by consent of the parties is binding upon them and cannot be reversed or impeached by them or set aside by a bill of review or a bill in the nature of a bill of review, except for fraud.''

In *Knobloch v. Mueller,* 123 Ill. 554, the court said at p. 565:

''Decrees of courts of chancery, in respect of matters within their jurisdiction, are as binding and conclusive upon the parties and their privies as are judgments at law; and a decree by consent, in an amicable suit, has been held to have an additional claim to be considered final. (*Alleson v. Stark,* 9 A. & E. 225.) Decrees so entered by consent cannot be reversed, set aside or impeached by bill of review or bill in the nature of a bill of review, except for fraud, unless it be shown that the consent was not, in fact, given, or something was inserted as by consent that was not consented to.''

In *People v. Spring Lake Drainage & Levee District,* 253 Ill. 479, the court said at pp. 491, 492:

''A consent decree is one based upon the consent or agreement of the parties, which may supersede both pleading and evidence and even go to the extent of pointing out and limiting the relief to be granted. Such a decree is absolutely conclusive upon the consenting parties and cannot be amended or varied without like consent, nor can it be re-heard, appealed from or reviewed upon writ of error. (*Schmidt v. Oregon Gold Mining Co.,* 28 Ore. 9; 52 Am. St. Rep. 759.) . . . A stipulation concerning a pending cause in court is an obligation unlike ordinary contracts between parties not in court. (*Ward v. Clay,* 82 Cal. 508; *Barry v. Mutual Life Ins. Co.,* 53 N. Y. 536.) Since no consideration is necessary to its validity (*Howe v. Lawrence,* 22 N. J. L. 104,) no mutuality is

required, and it may bind those incapable of binding themselves out of court and is subject to the supervision of the court. (20 Ency. of Pl. & Pr. 607.) All stipulations entered into by parties or their attorneys in respect to the conduct or control of their rights in the trial of a cause will be enforced by the courts in a summary manner unless such stipulations are unreasonable or contrary to public morals. Thus, a party to a pending litigation may waive, by stipulation, his statutory or constitutional rights and the court will hold him bound by such stipulation. . . . It is the policy of courts to enforce stipulations fairly made between attorneys or parties relating to the conduct of suits, unless good cause is shown to the contrary.''

(To the same effect are *Cox v. Lynn,* 138 Ill. 195; *Bonney v. Lamb,* 210 Ill. 95; *King v. King,* 215 Ill. 100; *Healy v. Deering,* 231 Ill. 423; *Reardon v. Youngquist,* 189 Ill. App. 3; *Bayer v. Bloch,* 246 Ill. App. 416.)

It is clear from the foregoing authorities that where the parties to a case have either stipulated or otherwise consented to the entry of a decree they are bound thereby and that a consent decree, which is acceptable to the parties themselves as a determination of the controversy and is sanctioned by the court, has the same force and effect as a judgment or decree entered after a contest, unless the consent of the complaining party was procured by fraud.

Was there any fraud on the part of the cross defendants by which they procured appellant's consent to the entry of the decree on December 14, 1934? If there was, appellant certainly was not aware of it either then or now. She was represented by competent counsel throughout every phase of this litigation. Her stipulation upon which the consent decree was based was predicated in large measure upon the release she executed in 1932. She has never claimed that either the release or stipulation was procured by

fraud. There is not a single allegation in her amended cross complaint that fraud entered into any of the negotiations or dealings between herself and the other beneficiaries of the trust in question. Although in stating the theory of the amended cross complaint in appellant's original brief her counsel made no mention of fraud, he later indulges therein in the specious argument that when this case is viewed as a whole and in perspective a lurid picture of constructive fraud or fraud in law is shown on the part of cross defendants, which "may exist without actual fraudulent intent, and where the conscience is not necessarily affected by it." The major difficulty with appellant's position in this regard is that the element of fraud does not enter into this case at all, since she did not allege or even intimate in her amended cross complaint that the cross defendants or any of them were guilty of either actual or constructive fraud in procuring her consent to the entry of the decree of December 14, 1934.

As already shown, under the trust in question Bettina T. Whitlock was given a vested interest in the net income from the corpus of said trust during her lifetime and her right to receive such net income has never been questioned. Under said trust she was also given a contingent interest in the principal of the trust whereby she was entitled to receive payments therefrom, if in the joint judgment of the trustees such an emergency existed as is specified in paragraph Fifth-A of the will.

Appellant's principal contentions are that as a matter of equity the release and stipulation should be held to be void because both of them were executed by her without consideration and that she had no power under the will to alienate or release her right to receive payments out of the principal of the trust fund.

Holding as we do that the consent decree is *res judicata* of every claim and demand made in Bettina T. Whitlock's amended cross complaint in the

case at bar, it is unnecessary to answer her foregoing contentions. However, a simple answer to appellant's contention that she had no power under the will to alienate or surrender her contingent interest in the principal of the trust fund is that the law is settled in this state that she had such power. (*Crum v. Sawyer,* 132 Ill. 443.) That there was sufficient consideration to support the release and stipulation executed by Mrs. Whitlock and upon which the consent decree was based cannot be seriously questioned. (*Dougherty v. Duckels,* 303 Ill. 490; *Stipanowich v. Sleeth,* 349 Ill. 98.) But, as already shown, even though the consent decree, based as it was on the release and stipulation, was erroneous in either of the foregoing respects, it was still binding on appellant.

It is asserted in appellant's brief that "we have the anomaly of a decree being entered [December 14, 1934] upon the stipulation of certain parties to the record but not joined by the trustees who were complainants, and the only persons having control over the subject matter of the stipulation. The complainants. were the executors and trustees under the said will and the defendants were the beneficiaries under the will. Bettina T. Whitlock, individually, was a party to the stipulation, but the other executor and trustee was not, so the trustees never were bound by the stipulation or the decree. So the stipulation meant nothing so far as the trustees are concerned, nor did the decree upon the stipulation bind them as trustees. They still owe the duty to proceed and carry out the intention of the testator regardless of the consent decree, or the stipulation."

This contention is completely answered in *Wolf v. Uhlemann,* 325 Ill. 165, which was a suit involving the validity and construction of a will and the beneficiaries approved a settlement. The Northern Trust Company as trustee contended that it had not been advised concerning the alleged controversy or of an offer to make

a settlement thereof. It further claimed there was no serious doubt with respect to the will and no need for controversy between the beneficiaries. It also claimed that it should not be required to make distribution of the corpus under the proposed settlement and that the court had no jurisdiction to approve the settlement. The trial court entered a decree approving the settlement and the trustee appealed. In affirming the decree the Supreme Court said at pp. 173 and 184:

"The Northern Trust Company, as trustee, has no beneficial or pecuniary interest in the trust fund except such interest as it may have in obtaining remuneration for services to be rendered in its official capacity, and its position as such under the will has not been materially affected by the proposed settlement agreement. . . . Appellant, as trustee, did not have or claim to have any beneficial interest in the fund. The trustee's rights and interests were not affected by a decree which bound all the parties in interest and protected the trustee in the distribution of the fund. It was no concern of the trustee how the parties beneficially interested settled the threatened controversy if the trustee was protected in making the distribution. That seems to be the only question the trustee had any interest in or should be concerned about. In *Merrill v. Atwood,* 297 Fed. 630, the district court of Rhode Island held that a testamentary trustee, as against the heirs and beneficiaries in a trust, was practically a stakeholder. (See also, *Press v. Woodley,* 160 Ill. 433; *Barth v. Richter,* 12 Col. Ct. of App. 365; *Ratliff v. Patton,* 37 W. Va. 197; *Schwartz v. Ritter,* 186 Ill. 209.)"

All other points urged have been considered but in the view we take of this case we deem it unnecessary to discuss them.

For the reasons stated herein the decree or order of the circuit court of Cook county dismissing Bettina T.

Whitlock's amended cross complaint for want of equity is affirmed.

*Decree or order affirmed.*

FRIEND, P. J., and SCANLAN, J., concur.