Edna Mae Nelson, Appellant, v. C. Edwin Nelson, Appellee.

Gen. No. 44,792.

BURKE, J., dissenting.

Opinion filed May 3, 1950. Released for publication May 23, 1950.

HUGH M. MATCHETT and STEPHEN C. ZIDEK, both of Chicago, for appellant.

STEPHEN M. FLEMING, of Chicago, for appellee.

· MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Plaintiff appeals from a decretal order denying her petition for a money judgment for child support alleged to be due under the terms of a decree of divorce.

November 4, 1931, the parties were divorced and plaintiff was granted the care and custody of their minor child Jacqueline Lee and defendant was ordered to pay plaintiff the sum of ten dollars weekly for the support of their minor child. June 14, 1932 weekly payments for child support were reduced to five dollars and on October 28, 1934, defendant ceased making payments. April 7, 1948, the minor child attained her maturity.

July 14, 1948, plaintiff filed a petition asking that a judgment be entered against defendant for the sum of money which accrued under the terms of the decree for child support, amounting to $3,255 and attorney's fees of $125. Defendant answered, averring that plaintiff accepted the sum of $250 in full settlement of claims for child support upon the condition that defendant would make no attempt to visit the child or demand its custody. Plaintiff filed a reply and after the issues were joined the cause was heard by the chancellor who denied the petition. Taken with the case is defendant's motion to dismiss the appeal.

The record shows that below the chancellor's signature on the order here appealed from appear the words, "Approved, Stephen C. Zidek, Atty. for petitioner." Defendant contends that the order is not appealable, on the ground that it was entered by agreement.

The parties stipulated as to the testimony offered in the trial court, in lieu of a stenographic report. The second paragraph of the stipulation reads, "It is hereby certified that the said agreed statement is a true and correct statement of the testimony heard at the hearing on petitioner's motion for judgment before the HONORABLE JOSEPH SABATH, Judge of the Superior Court of Cook County on the 22nd day of November, A. D. 1948, *which matter was taken under advisement by the court and decided adversely to the petitioner,* on the 15th day of December, A. D. 1948."

In support of his motion to dismiss the appeal, defendant cites *Chicago & Vicinity Hungarian Benevolent Society v. Chicago & Suburb Hungarian Aid Society,* 283 Ill. 99; *City of Kankakee v. Lang,* 323 Ill. App. 14; and *State v. Gee,* 28 Ore. 100, 42 Pac. 7. In *Benevolent Society v. Aid Society,* the cause was referred to a master who found and reported the rights of the parties. Neither party made any objection to the master's report, either before the master or the chancellor, and the decree was prepared in accordance with the findings, report and recommendation of the master. Subsequently the decree was approved by the entry "O. K." and signatures of counsel for both parties and master in chancery. The court there held that it was a consent decree. In *City of Kankakee v. Lang,* defendant engaged an attorney who failed to file an answer. After defendant was defaulted for want of an answer a decree was entered restraining defendant from using his building in the manner complained of in the complaint filed by the city. This decree was "O. K'd" by defendant's attorney. Several weeks afterward defendant engaged another lawyer who filed a sworn petition requesting an extension of time within which to comply with the terms of the decree. The city made a motion to strike the petition and before the motion was passed upon by the trial court the defendant filed another petition to vacate and set aside the former decree and to dissolve the injunction. The court held that the defendant was bound by the approval of the decree by the former attorney in the original proceeding, and that it was a consent decree. We think the facts in the case of *Benevolent Society v. Aid Society* and in *City of Kankakee v. Lang* are readily distinguishable from those in the present case where issues were joined, full hearing was had, and a judicial determination was made by the chancellor of all the questions in controversy. The case of *State v. Gee,* 28 Ore. 100, 42 Pac. 7, cited by

defendant, involves an indictment charging fraud in connection with labor expended and material furnished for the use of a road district. The facts in that case are entirely dissimilar to those in the case at bar.

██ A consent decree is not a judicial determination of the rights of the parties, nor does it purport to represent the judgment of the court, but merely records the agreement of the parties. (*Bergman v. Rhodes,* 334 Ill. 137.)

In *Harter v. King County,* 11 Wash. (2d) 583, the court said (p. 591): "The very essence of a consent decree is that the parties thereto have voluntarily entered into a contract setting the dispute at rest, upon which contract the court has entered judgment conforming to the terms of the agreement without putting the parties to the necessity of proof."

In *Allen & Reed v. Investment Companies* (R. I.), 182 Atl. 3, a decree was prepared by counsel for the complainant and signatures of attorneys for both parties followed the words "assented to" at the end of the decree. The complainant contended that this made it a consent decree. There, as here, there was a full hearing of the matter in controversy between the parties and a judicial determination of the issues. The court held that the decree represented the decision of the court and not the independent agreement of the parties themselves. The form in which it was entered was apparently the result of an oversight which prevented the decree from showing in fact what both counsel at the time understood.

██ In the instant case, according to the stipulation, the court clearly purports to rest its decision upon the evidence in the case after having taken the matter under advisement, and not upon the consent of the parties. Moreover there can be no doubt that defendant understood that plaintiff intended to prosecute this appeal, for the reason that defendant stipulated as to

the testimony heard before the chancellor for the sole purpose of having the order reviewed by this court. Furthermore in this court defendant filed a brief before making the motion to dismiss. Defendant's motion to dismiss is, therefore, denied.

Plaintiff contends that the alleged agreement to release defendant of all claims and liability for child support is contrary to public policy.

 The obligation of the father to support his minor child is not affected by the decree granting a divorce, nor by the decree granting the care and custody of his child to his wife or some other suitable person. (*Kelley v. Kelley*, 317 Ill. 104.) The duty of a parent to support his minor child arises out of a natural relationship. (*Dwyer v. Dwyer*, 366 Ill. 630.) And the claim for support of children is one which transcends any contractual obligation. (*Keller v. Keller*, 284 Ill. App. 198.)

In *Parks v. Parks*, 209 Ky. 127, where the facts were similar to those of the present case and the same contention was made as here, the court said (p. 132) : ''Infant children are neither parties nor privies nor the subject of barter. Their custody is not awarded to the mother as a consideration, but because it is to their interest that this be done.''

Plaintiff admits that she made no demand on defendant to comply with the provisions of the decree providing for child support for a period of fourteen years. On the other hand no question of laches is raised by the defendant, nor did he seek to have the decree modified in a court of competent jurisdiction.

██ Since we hold that the alleged agreement purporting to absolve the defendant from liability for child support is void as being contrary to public policy, the order here appealed from is reversed, and the cause is remanded with directions to enter judgment in favor of the plaintiff and against the defendant, for the sum

of $3,255 due under the provisions of the divorce decree as modified, for child support.

*Reversed and remanded with directions.*

KILEY, J., concurs.

BURKE, J., dissents. It is universally held that parties consenting to a decree cannot appeal from such decree or assign error upon it. *Cox v. Lynn,* 138 Ill. 195; *Chicago & N. W. R. Co. v. West Chicago Park Com'rs,* 151 Ill. 204; *Bonney v. Lamb,* 210 Ill. 95; *King v. King,* 215 Ill. 100; and *Armstrong v. Cooper,* 11 Ill. 540. The record shows that before the order appealed from was presented to the chancellor a notation of its approval was made thereon over the signature of the attorney for plaintiff, the appellant. The word "approved" imports the exercise of judgment and discretion. Lawyers in Cook county follow the recognized practice of noting the words "approved" or "O. K." on the face of the draft forms of judgments, orders and decrees to be presented to the court, meaning thereby to consent to the entry of such order, judgment or decree; and when the lawyers wish to indicate that they are approving only the form of the document submitted, they note that it is approved or "O.K'd" as to form. It does not infrequently happen that a contested case is settled before the draft of the order is submitted to the presiding judge. Where such draft bears the notation "approved" or "O. K." the court has a right to rely upon such statement and to presume that the decree, judgment or order is entered by agreement as to the attorneys who so indicated. Many orders, decrees and judgments are entered day after day in the courts of Cook county based on notations by the attorneys. If plaintiff contends that a notation made by her attorney was so made as the result of a mistake or fraud, her remedy, if she has one, would be by appropriate proceeding in the trial court by a motion or petition in the nature of a bill of review. In my

opinion the order in the instant case is a consent order from which plaintiff cannot appeal, and the appeal should be dismissed or the order affirmed.