M’Girk, C. J.,
delivered the opinion of the Court.
The case is on an indictment for assault and battery. The indictment begins by saying, “ Montgomery county,” in the margin; then says, “ the defendant, at the county aforesaid, committed the assault and battery, &c.” The defendant’s counsel moved to quash the indictment, on the ground that there is no place laid in the indictment where the offence was committed, there being no place mentioned, only as above stated, by saying at the county aforesaid. The indictment was quashed ; the cause is brought here to reverse that judgment. The books appear to taire a distinction between the strictness required in civil and criminal cases, but are often dark as to what that distinction is. If we are at liberty to judge this case by reason, we would say, the indictment as to place is certain enough j but we are bound by authority, and unless that authority is manifestly absurd and unjust, and it is not enough that there appears no reason for the authority. The case cited by the counsel for Cook, is positive and clear on the question before us; the cause is the Queen v. Harris, 2 L. Raymond, 1304, which is express that references in indictments do» not refer to the margin.
The judgment of the Circuit Court is affirmed, with costs, &c.