OCT. TERM
1836.

State
v.
Palmer and Doll.

The provisions in our statute concerning off-scts does not apply to a note which expresses to be "payable without defalcation."

## STATE v. PALMER AND DOLL.

1. It is not error for an indictment to charge the defendant with several distinct facts, where they all constitute one offence.
2. If the venue be laid in the body of the indictment "at the township of St. Louis," is sufficient—as it may be referred to the "county" in the margin.

ERROR to St Louis circuit court.

*Bird, circuit attorney.*

The pltf. sues out a writ of error and assigns for error, 1. That the court erred in quashing the indictment, because the same is good and sufficient in law. 2. Because even if the indictment is bad, it is against the law of the land to quash an indictment for a nuisance, on motion

for deft. or defts.   As to sufficiency of indictment, see 4    OCT. TERM
Blac. com. 168: as to quashing indictment for a nuisance,        1836.
see B. Bac. Mri. 574.

State
v.
*Bowlin and Hudson for deft. in error.*                        Palmer and Doll.
   The defts. in error, assume the following points:   1st.
That the indictment does not charge in a sufficient man-
ner, any offence punishable by the laws of the land.  2nd.
That the indictment is bad for duplicity.   3rd.   That it
is bad for obscurity.   4th.   That the offence, if any is
charged, it is not stated in such a manner as to enable
the defts. to put in a pertinent issue or to know what
particular charge they are called upon to answer.   5th.
That it is bad because three separate and distinct offences
are injuriously and insufficiently contained in the indict-
ment.   6th.   That the indictment is so vague, that the
court cannot see upon what grounds to predicate their
judgment.   7th. That the indictment is so uncertain,
that the defts. could not plead an acquittal or conviction,
in bar for subsequent indictment for any of the offences
attempted to be charged—the present indictment against
them, therefore, the defts. pray that the judgment of the
court below be affirmed, &c.

   Opinion delivered by TOMPKINS Judge.*
   Palmer and Doll were indicted for setting up and Statement of the
maintaining a nuisance.   The circuit court on motion case.
quashed the indictment; and to reverse the judgment of
that court, the writ of error in this case is sued out.—
The assignment of error is general.   On the part of the
defendants in error, it is contended:   1st.   That the in-
dictment does not charge in a sufficient manner, any of-
fence punishable by the laws of the land.   2nd.   That
no proper venue is laid in the indictment.   The indict-
ment commences thus:   State of Missouri, Saint Louis
county, ss.   The grand jurors of the State of Missouri,
impannelled, charged and sworn, to inquire in and for the
body of St. Louis, upon their oath present, that on the
eighteenth day of July, in the year eighteen hundred and
thirty-six, and on divers other days and times between
the said day and the day of finding this indictment, at
St. Louis township &c. George Palmer and Conrad Doll,
did then and there, unlawfully and injuriously keep and
maintain a certain alley, indiscriminately called a nine-
pin or ten-pin alley; which alley was and is connected

*Judge Wash absent.

OCT. TERM
1836.

State
v.
Palmer and Doll.

with a grocery and a space of ground for the accommo-dation of persons resorting there. And the jurors afore-said, upon their oath aforesaid, do further present, that on the day aforesaid; and at the township aforesaid, the said George Palmer and Conrad Doll, for the purpose of gain, did unlawfully and injuriously keep and use the said alley, grocery and space of ground, for the purposes of gambling, tippling and whoring; and did on &c. cause, entice and procure, divers idle and evil disposed persons there to come and assemble together: and did on &c. suffer and permit divers idle and evil disposed persons, there to remain and be gambling at games played with pins on said alley: at games played with cards, and bet-ting money and property at said games; and quarreling and fighting, and tippling and whoring, and otherwise misbehaving &c.

Opinion of the court.

Under the first head, it is contended for the defendants, that they are charged with several different offences in one indictment, and with none distinctly. There are several facts charged in this indictment, [...] ed all to constitute one offence: as first, that the defe[...] s kept and maintained an alley connected with a gro[...] y and a space of ground, for the accommodation of persons re-sorting there. This might have been done, with[...] in-curring any legal penalty; but it was further pres[...], that the defendants for the purpose of gain, did ke[...] the said alley, grocery and space of ground, for the purposes of gambling, tippling and whoring. However bad their intentions might have been, still no penalty would have been incurred, had no further act been done. And accor-dingly, it is further charged, that the defendants did cause, entice and procure divers persons, there to come and assemble together, and did suffer and permit them, there to remain and be gambling at games &c., and betting money and property at said games; and quarreling and fighting &c. It seems to us that the several facts here charged against the defendants, constitute an offence against the laws. The defendants in the second place allege, that no proper venue is laid in the indictment. — The county of St. Louis, is stated in the margin of the indictment; and in the body of the indictment, it is alleg-ed, that the things charged in the indictment, were done at the township of St. Louis. It is sufficient for a decla-ration, if the place only and not the county be stated in the body thereof; this may be referred to the county in the margin.—See Barnes, 481, cited in note; 15th Peters-dorf, page 328. There is no reason why greater cer-

*It is not error for an indictment to charge the deft. with several distinct facts, where they all constitute one offence.*

*If the venue be laid in the body of the indictment "at the township of St. Louis," it is sufficient—as it may be referred to the "county" in the margin.*

tainty should be required in laying the venue of an in-
dictment than of a declaration. Upon the whole, we are
of opinion that the indictment is good, and that the cir-
cuit court erred in quashing it. Its judgment is there-
fore reversed, and the cause is remanded.