## OF THE

# SUPREME COURT OF MISSOURI.

## THIRD JUDICIAL DISTRICT.

### SEPTEMBER TERM 1840.

6   469
f164 648

KIRK, alias KIRKPATRICK, v. THE STATE.

The caption forms no part of the indictment.

Appeal from the Criminal Court of St. Louis, May Term, 1840.

*Crawford for Appellant.*

That the indictment should contain *in itself* every thing necessary to enable the party indicted to make a full defence, without intendment, implication, or reference. It is the right of such party to plead to the jurisdiction of the court. The indictment in this case, does not inform the party as to the court in which it is found, and is therefore defective, and the defect fatal.

That it is the right of a party indicted, to avail himself of any legal objections to the grand jury. The indictment in this case, does not inform him as to the term of the court, nor the time of finding the indictment, so as to enable him to avail himself of such legal objections as may exist against the grand jury, or the persons composing it, and is therefore defective, and the defect fatal. The endorsement of the clerk as to the time of filing the indictment, forms no part of the indictment.

SEPT. TERM
1840.

Kirk alias
Kirpatrick
v.
The State.

That the indictment should have adopted the terms of the Statute. It will be seen by reference to the record, that the terms adopted in the indictment are at variance with the terms of the statute, and therefore defective, and the defect fatal. Authorities; State of Missouri vs. Comfort, decided in 1838, page 358. State of Missouri vs. Hunter, decided in 1838, page 361. 1st Chitty's criminal law page 282.

The appellant has been prosecuted under the statute against stealing "*slaves*." The indictment charges him with having stolen a "*negro boy*." This I contend is not in conformity to the terms of the Statute, and the description that he is "*a slave for life*," does not cure the defect. There is no statute against stealing a "*negro boy*." The "*negro boy*" may have been free, and if so, no description, such as being "*a slave for life*," can make him one. Same authorities as above; also Archbold, where under the statute against stealing cows, it was charged in the indictment for stealing a *heifer*, was held to be defective.

*Benton Circuit Attorney, for the State.*

1st, That there is no necessity for caption to an indictment, or reference in the indictment to the court, or the term thereof; these facts are sufficiently shown by the entries on the record. This answers also the second reason.

2d. The third reason is in substance, that the indictment does not charge the said Kirk with having stolen a slave. This will be answered by inspection of the indictment.

3d. The 4th reason is that the indictment does not charge the said Kirkpatrick with having stolen a slave contrary to the form of the statute in such case made and provided. The truth of this is also matter of inspection, and depends solely on the indictment.

*Opinion of the Court by Napton, Judge.*

An indictment was found at the January term, 1840, of the St. Louis criminal court, against the appellant, for stealing a slave. The defendant was convicted, and his counsel moved in arrest of judgment, which motion was overruled. The case is brought here by appeal.

The indictment was as follows: State of Missouri, county
of St. Louis, sc. The grand jurors, &c. present, that Joseph
Kirk, alias Kirkpatrick, on &c., at &c., one negro boy, slave
for life, named John, aged about twenty years, did steal,
take, and carry away, contrary to the form of the Statute
in that case made and provided, and against the peace and
dignity of the State. John Bent Cir. attorney.

The only objection urged to this indictment, is the omission to state in the caption, in what court, or at what term
of the court, the bill was found.

The records of the court show in what court and at what
term, this bill was found, and the caption of the indictment *The caption
forms no part of the indictment. It does not give any information to the accused, as to the nature of the charge, and
is in fact a mere memorandum by the clerk or attorney, and
becomes only useful when the record is taken to another
court.

Some objection has been made also, that the indictment
does not adopt the terms of the Statute. The indictment
used the word "slave" as the statute does, but describes
the said slave as a negro boy, aged &c. named &c. The
indictment is good, in this respect, as well as every other.
Judgment affirmed.