## McDONALD vs. THE STATE.

1. An endorsement on the back of an indictment, "A true bill," signed by the foreman of the grand jury, is a sufficient certificate, within the meaning of the nineteenth section of the third article of the act of 1835, concerning practice and proceedings in criminal cases. (Rev. Stat., 481.)—See Spratt vs. The State, ante, p. 247-249.

2. Where the name of the county is written in the margin of the indictment, and in the body of the indictment the county is referred to by name, as, "the county of Washington aforesaid," the venue is well laid.

3. A bank-note is personal property, and the subject of larceny, within the meaning of the thirty second section of the third article of the act of 1835, concerning crimes and punishments. (Rev. Stat., 1835, p. 178.)—See The State vs. Newell, 1 Mo. Rep., 2d edit., p. 177.

4. In an indictment for stealing bank-notes, it is not necessary to allege that the bank is a chartered institution, authorized by law to issue notes.—See art. 6, sec. 20, act concerning practice and proceedings in criminal cases, Rev. Stat., 1835, p. 491.

ERROR to the Circuit Court of Washington county.

ANDERSON, *for Plaintiff in Error.*

POINTS AND AUTHORITIES.

1. It does not appear, from the face or body of said indictment, when it was found, nor in what court, nor at what term of the court.—See Kirk vs. State, 6 Mo. Rep., 469. Nor is said bill of indictment certified by the foreman of the grand jury, according to the directions of the statute.—See Digest 1835, p. 481, sec. 19.

2. There is no sufficient venue laid in said indictment.—See State vs. Grove, 1 Mo. Rep., 547; State vs. Palmer, 4 Mo. Rep., 453.

3. There is no offence known to the laws of this State, sufficiently charged in said indictment.—See Digest 1835, p. 178, art. 3, sec. 32; 2 Russell on Crimes, p. 186, margin 170; also, 2 East's Crim. Law, 749, Sade vs. Morris; Same, p. 601, Craven's case.

4. The *first* count in said indictment is too general, vague and indefinite.—*Vide* Mo. Rep., p. 547; People vs. Holbrook, 13 Johns. Rep.

*McDonald* vs. *The State.*

5. The *second* count is void for duplicity and uncertainty—is defective in not averring that the Bank of Illinois was a chartered institution, authorized by law to issue notes, &c. The exceptions to the first count also apply to the second. —*Vide* Digest 1835, p. 491, sec. 20.

6. The *third* count is repugnant, uncertain and void.—See State *vs.* Hardwick, 2 Mo. Rep., 226; Jane *vs.* State, 3 Mo. Rep., 61.

TOMPKINS, *Judge, delivered the opinion of the Court.*

Thomas McDonald was indicted for larceny at the February term of the Circuit Court of Washington county, in the year 1842. The indictment contained three counts. The defendant was found guilty, and, to reverse the judgment entered upon that finding, this writ is prosecuted. There was a motion in arrest of judgment, which the Circuit Court overruled.

For reversing the judgment, the following points are made:—

1. It does not appear, from the face or body of the indictment, when it was found; in what court, or at what term.—Reference to Kirk *vs.* State, 6 Mo. Rep., 469.

Said bill of indictment is not certified by the grand jury, according to the statute.—Reference to Digest of 1835, sec. 19.

2. There is no venue in said indictment.—Reference to State *vs.* Cook, 1 Mo. Rep., 547; State *vs.* Palmer, 4 Mo. Rep., 453.

3. There is no offence known to the laws of this State sufficiently charged in said indictment.—Reference to Digest, p. 175, art. 3, sec. 32.

4. The first count is too general and indefinite.

5. The second count is void for duplicity and uncertainty, and is defective in not averring that the Bank of Illinois was a chartered bank. The exceptions made to this count apply to the second.—Also, see Digest 1835, p. 491, sec. 20.

6. The third count is repugnant, void and uncertain.

*First objection.* If the counsel of the appellant had read the case of *Kirk vs.* the State, to which he refers to sustain his objection, he would not perhaps have cited it. In that case it is said, "The records of the court show in what court, and at what term this bill was found, and the caption of the indictment forms no part of the indictment. It does not give any information as to the nature of the charge, and is in fact a mere memorandum by the clerk, and becomes useful then only when the record is taken to another court." Another objection under this head is, that the bill of indictment is not certified by the foreman of the grand jury, according to the direction of the statute.—Digest of 1835, p. 481; sec. 19. That section directs the foreman of the grand jury to certify, under his hand, that the indictment is a true bill. The foreman of the grand jury did endorse on the back of this indictment, "A true bill," and subscribed his name to the endorsement. That has been decided, in the case of Spratt *vs.* The State, at this term, to be a good endorsement.

*Second objection.* That there is no sufficient venue; and State *vs.* Grove, Cook, is cited, 1 Mo. Rep., 548. The point there decided is, that in an indictment it is not sufficient to write the name of the county on the margin, and afterwards to

refer, in the body of the indictment, to that name written on the margin, as the county aforesaid.

In this case the name of the county is in the margin, and in the body of the indictment the county is referred to by name, "the county of Washington aforesaid." The case of the State *vs.* Palmer and Dallam, 4 Mo. Rep., 453, is not in point. In that case the county of St. Louis being named in the margin of the indictment, and the act being in the indictment charged to have been committed at the township of St. Louis, the indictment was decided to be good.

*Third objection.* The thirty-second section of the third article of the act concerning crimes and punishments, is in these words: "Every person who shall steal, take and carry away any money or personal property of another, &c., shall be deemed guilty of larceny," &c. The indictment charges that he did steal, take and carry away a bank-note, for the payment of ten dollars, of the value of five dollars. A bank note is personal property; it is personal effects. In State *vs.* Newell, (1 Mo. Decisions,) a bill of exchange is decided to be personal property or effects.

*Fourth objection.* I have not found, on reading the first count, that it is liable to the fourth objection. That objection is too vague to deserve attention. If counsel will not point out the particular defects in the indictment, their objections cannot be considered as deserving much attention.

*Fifth objection.* The second count has been read, and it is not perceived that there is any ground for this objection, and none is pointed out.

It is also contended that the second count is defective, because it is not averred in that count that the Bank of Illinois is a chartered institution. The twentieth section of the sixth article of the act concerning crimes, &c., p. 491 of the Digest, declares, "that if, on the trial or other proceeding in criminal cases, the existence, powers, or constitution of any banking company or corporation became material, or in any way drawn in question, it shall not be necessary to produce a certified copy of the charter, or act of incorporation, but the same may be proved by reputation, &c.

It is difficult to perceive how it can be inferred, from this section, that it ought to have been averred in the indictment that the Bank of Illinois is a chartered institution, authorized by law to issue notes. This objection is as invalid as the others.

*Sixth objection.* Let it suffice to say, that I have not perceived that the third count is repugnant or uncertain, and that this defect has not been pointed out by counsel.

The judgment of the Circuit Court is affirmed.