## COOPER v. NELSON.

1. **Mandamus:** PARTIES. The rule that a party cannot bring an action at law against a partnership, board of trustees, or other board of which he is a member, does not apply to the action of mandamus.

2. **Schools:** TAX: DETERMINATION OF AMOUNT. A resolution by the electors of a sub-district that a "District Township be requested to levy a tax sufficient to raise the sum of six hundred dollars for the erection of a school house in this sub-district," is a substantial compliance with the law requiring the sub-district to fix the amount necessary for the purpose.

3. ———: CERTIFICATION BY SUB-DIRECTOR. The manner of certification by a sub-director under section 11, School Law of 1872, is not material if it fully advises the District Township meeting of the action taken.

4. ———: VERIFICATION OF RECORD. Where the book in which the record of a meeting of the board of directors is contained is admitted to be the book of records of the board, such record signed "A. W., Secretary *pro tem.*, by O. S. T.," is sufficiently verified.

5. ———: APPORTIONMENT OF TAX: BOARD OF DIRECTORS. The duty of determining in the first instance what is a just and equitable apportionment of taxes devolves upon the board of directors.

*Appeal from Hamilton Circuit Court.*

THURSDAY, JUNE 11.

THE petition alleges that the District Township of Ellsworth, in the County of Hamilton is a body corporate organized as a School District Township, and that the defendants, Canute C. Nelson, Henry Staley, Linsey Sowers, and John A. Cooper, constitute the board of directors thereof.

That at their annual meeting on the 3d Monday of September, 1872, the board of directors of said district township divided the same into four sub-districts, and that sub-district No. 4 was then set off.

That on the 3d of March, 1873, the electors of sub-district No. 4, determined by unanimous vote that the sum of $600 is required for the erection of a school house in said sub-district.

That the sub-director of sub-district No. 4, certified the amount determined, to the next regular meeting of the district township, and requested the electors to vote said sum, and that the electors considered the matter, and refused to vote said amount.

That at the first regular meeting thereafter of the board of directors the neglect and refusal of the district township to vote any sum for the erection of a school house in said sub-district was presented and made known to said board of directors, and the plaintiff requested said board of directors to vote said sum of six hundred dollars asked by said sub-district No. 4, and to ascertain the per centum of the sum applied for on the property of the district township, and apportion the same among the several sub-districts, which the said board refused to do.

That plaintiff is an elector and tax payer, and has four children of school age residing with him in the district, and that by reason of Skunk river and other obstacles his children cannot attend the other schools in the district.

That sub-districts Nos. 1, 2, and 3 have each a school house, built by the levy of a uniform school house tax upon all the property of the district township, including the property of said district No. 4, and that no special tax was levied upon the property of either of said sub-districts.

Plaintiff prays a writ of mandamus commanding the defendants to vote said sum of six hundred dollars, and to levy a tax as provided by law on the property of said district township, sufficient to raise said sum.

The answer contains a general denial; alleges that the plaintiff John A. Cooper, and the defendant John A. Cooper, are the same person, and that the organization of sub-district

No. 4 was fraudulently and wrongfully procured at the instance of plaintiff.

The cause was tried by the court and it was adjudged that a peremptory writ of mandamus issue commanding defendants, as sub-directors of the district township of Ellsworth, to convene and levy the amount of six hundred dollars for the erection of a school house in sub-district No. 4, and to direct the same to be raised by a tax on all the taxable property of said district township, and to certify the amount so voted to the Board of Supervisors before their September meeting. Defendants appeal.

*Clark & Moulton,* for appellants.

*W. J. Covil,* for appellee.

DAY, J.—I. It was proved upon the trial that John A. Cooper the plaintiff, is the same person as John A. Cooper, the defendant. The first point made is that John A. Cooper in his individual capacity cannot bring suit against himself in an official capacity. It is well settled that at common law a party connot bring an action at law, against a partnership, or a board of trustees, or other board of which he is a member. The reason assigned is that one cannot in the same action be both plaintiff and defendant. The rule is purely technical. It has no foundation in the essential character of judicial proceedings, as is apparent from the fact that such person could always in equity sue a board or partnership of which he might be a member. So long as resort to equity could be had, the rule, although technical, worked no real injury. But the action of mandamus must be by ordinary proceedings. Revision section 4181.

1. MANDAMUS: parties.

And it cannot be resorted to where there is a plain, speedy and adequate remedy, in the ordinary course of the law. Revision section 3765. If then, any case arises, wherein relief can only be obtained through the action of mandamus, and mandamus can not be resorted to because of a technical rule of parties, that case is beyond the scope of all judicial remedy. We should hesitate long, before adopting a construction, which

on merely technical grounds, should produce such results. If the plaintiff sought to sue a partnership or a board of which he was a member, for a mere money demand, the fact that he was one of the defendants would confer upon a court of equity jurisdiction over the action.

But he cannot resort to a court of equity for his writ of mandamus, and if he cannot have relief in a court of law he is remediless. We think, therefore, that this technical rule of parties should not be applied to the action of mandamus, nor be pressed so far as to amount to a practical denial of justice. It is said the plaintiff may resign, or procure some one else to bring an action. But no other director in the sub-district may feel enough interest in the matter to bring a suit; and no one should be required to surrender an important right in order that he may come into court to redress a wrong.

II. It is further claimed that sub-district No. 4 did not determine what amount was required for the erection of a school house therein.

To sustain this branch of the case plaintiff introduced a resolution adopted by the electors of sub-district No. 4, at their regular meeting in March 1873, as follows: *"Resolved,* that the district township be requested to levy a tax on the taxable property of the district township, sufficient to raise the sum of six hundred dollars, for the erection of a school house in this sub-district."

2. SCHOOLS: tax: determination of amount.

It seems to us this is a substantial compliance with the law. The purpose of all laws, which must be administered by persons ignorant of legal forms and language, would be defeated, if they were held to great strictness and accuracy in their forms of expression.

III. It is claimed that the action of the sub-district meeting was not certified to the district township meeting, as required by section 11, page 5, School Law 1872. This section provides that the electors of a sub-district may, at their regular meeting in March, determine what amount is required for the erection of a school house therein, and that the sub-director shall certify the same to the next regular meeting of the electors of the district township.

3. ——: ——. certification by sub-director.

The section does not provide the manner in which this certification shall be made, nor can it be material so long as it fully advises the district township meeting of the action taken. The resolution set forth above was signed by Wm. C. Barkhuff, Chairman, and J. A. Cooper, Secretary, and plaintiff testifies that on the day after the sub-district meeting, he gave to John M. Foster, President of the board of directors, of the district township, a paper of which the following is a copy, and that Foster presented it to the district township meeting for action, to-wit: "We hereby certify that at the sub-district election in sub-district No. 4, of district township of Ellsworth, county of Hamilton, and State of Iowa, the following resolution was unanimously adopted. "*Resolved*, that the district township be requested to levy a tax on the taxable property of the district township, sufficient to raise the sum of six hundred dollars, for the erection of a school house in said subdistrict."

Wm. C. Barkhuff, <i>Chairman.</i>

*Attest:* J. A. Cooper, *Secretary.*

The proof shows that John A. Cooper was elected subdirector for the sub-district. It is claimed, however, that there is no proof that John A. Cooper, sub-director, is the same John A. Cooper who signed the foregoing certificate. But as it is shown that there are but four families in the subdistrict, it may well be presumed, in absence of proof to the contrary, that he is the same person. We think the mode of certification was in all respects proper, and even if it had been irregular, the district township waived the irregularity by acting upon it and voting upon the question of authorizing the tax.

IV. For the purpose of showing the failure of the subdirectors to levy the tax, plaintiff introduced an entry contained in a book admitted to be the book of record of the board of directors of the district township of Ellsworth, as follows:

4. ——: verification of record

"The board of directors of Ellsworth township, met at the school house in district No. 2, one o'clock P. M. Present, subdirectors H. Staley, C. C. Nelson and J. A. Cooper. C. C.

Nelson was chosen President, and Andrew Williams, Secretary *pro tem.* \* \* \* \* \* \* \* On the question of levying six hundred dollars asked for by sub-district No. 4, for the erection of a school house in sub-district No. 4, the vote stood as follows: one for it, J. A. Cooper, and two against levying said tax, C. C. Nelson and H. Staley. \* \* \* \* \* \* \* \* \* \*

A. WILLIAMS, Secretary <em>pro tem.</em>,<br><em>By</em> O. S. TEMPLE.

It is claimed that the signature of O. S. Temple does not sufficiently verify the record. We think it does in view of the fact that the book in which the record is contained is admitted to be the book of records of the board.

V. Lastly, it is claimed the court erred in attempting to control the discretion of the board as to the manner in which the tax should be apportioned. Section 12, page 6, school laws of 1872, provides that should the electors of the district townihip refuse to vote a sum adequate for the building of a school house, the board of directors shall, at their first regular meeting thereafter, apportion the same among the several sub-districts as justice and equity may require.

It is to secure a discharge of this duty that this action is instituted. The court may compel the board to act. But the duty of determining, at least in the first instance, what is just and equitable, rests upon the board. In so far as the judgment attempts to control the manner of apportionment it is erroneous. In all other respects it meets our approval.

With this modification the judgment is

AFFIRMED.