# Title Guaranty & Trust Company of Scranton v. Hildebrand, Appellant.

*Principal and surety—Bond—Voluntary association—Condition of bond.*

The condition of a bond was that the principal should duly and faithfully obey all the decisions, orders, prohibitions and regulations of a voluntary association of which he was a member. The bond further provided for a service upon the principal of a copy of any decision, order or regulation of which he was declared to be in default. The principal was expelled from the association in proceedings regularly conducted against him. The surety paid the penalty of the bond and brought an action against the principal to recover the amount thus paid. The principal claimed in this action that a certified copy of the proceedings had not been served upon him as provided in the bond. It appeared, however, that an official notification in writing had been given to him of the action of the board of governors signed by the secretary. *Held*, that the

notice was sufficient under the terms of the bond, inasmuch as to certify means to testify in writing; to make a declaration about in writing; to make attestation in writing; to give certain information of a fact in writing.

Argued March 3, 1909. Appeal, No. 38, March T., 1909, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1905, No. 429, on verdict for plaintiff in case of Title Guaranty & Trust Company of Scranton v. A. M. Hildebrand. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Assumpsit by a surety against a principal to recover amount paid by the surety. Before HALSEY, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $558.50. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*James L. Lenahan,* for appellant.

*B. R. Jones* of *Atherton & Jones,* for appellee.

OPINION BY HENDERSON, J., October 11, 1909:

The defendant became a member of the Building Trades Employers' Association of Wilkes-Barre and Wyoming Valley and in so doing subscribed to the constitution and by-laws of the association and gave his bond in the sum of $500 with the plaintiff as surety to secure the faithful performance by the defendant of his obligation to the organization in accordance with its constitution and by-laws. It was recited in the preamble of the bond that the principal had become a member of the association upon his agreement and stipulation that he would obey and execute all decisions, orders, prohibitions and regulations of the board of governors of The Building Trades Employers' Association, given in pursuance and made under the authority of the constitution and by-laws of said association,

immediately upon service upon him of a copy of the same duly certified by the secretary of said association and would pay to said obligees the sum of $500 for liquidated damages by reason of any noncompliance of said principal with this agreement and stipulation. The condition of the bond was that the principal "duly and faithfully obey and execute any and all such decisions, orders, prohibitions and regulations of said Board of Governors of the said The Building Trades Employers' Association given in pursuance and under the authority of the Constitution and By-Laws of the said Association." The bond further provided as follows: "This undertaking is issued upon the express condition that upon due proof to the said Surety that the said Principal, after service upon him of a copy of any decision, order, prohibition or regulation has been declared to be in default thereof by said Board of Governors, and has upon demand failed to pay to said Obligees the amount of this undertaking then within thirty (30) days after receiving proof of said service and default, the said Surety agrees to pay the full amount of this undertaking, to said Obligees as liquidated damages, which sum is herewith stipulated as liquidated damages, and not as a penalty by the said Principal, the said obligees and the said Surety and the Surety and the said Principal herewith waive all defenses, except as above, they may have against the payment of said sum." Proof was offered that the defendant was notified to appear before the board of governors of the association May 16, 1905, at eight o'clock in the evening at the rooms of the association to answer charges preferred against him and that he did not respond to that order. It further appeared that he was notified to attend an adjourned meeting of the board of governors to be held May 20, 1905, at eleven o'clock in the forenoon at the rooms of the association, to answer the said charges. To that notice the defendant replied, stating that he would not appear unless informed what the charges were and by whom they were made and asking who the board of governors were. To this communication the board of governors through its president replied stating what the charges were and informing the defendant who constituted the board of governors and notifying him to attend a meeting of

the board on Saturday, May 20, at 11 A. M. at the rooms of the association to hear the charges. The defendant did not appear at the meeting and apparently paid no attention to this notice. Thereupon on the date last named the board of governors suspended him until the next annual meeting to be held June 1, 1905. Notice of this suspension was served on the defendant and at the annual meeting, June 1, his case was taken up, the charges were sustained, he was expelled from the association and a forfeiture of the bond declared. Afterward demand was made for the payment of the bond and on the defendant's failure to pay the plaintiff was notified of the default and payment demanded of it. After having paid the amount of the bond this action was brought by the plaintiff for reimbursement. The court refused the request for binding instructions for the defendant and as that point covers the whole case it is the only assignment of error which needs consideration. It is not contended that the charges preferred against the defendant were not sustained, nor was any action taken against the decision of the association expelling him. Nothing appears to show that the proceedings were not regularly conducted in good faith or that the defendant did not have a full and fair opportunity to meet the accusations preferred against him. The charge was one which brought the defendant within the jurisdiction of the board of governors and the association, and from anything that now appears he was regularly expelled. When he became a member of the organization he voluntarily submitted himself to its jurisdiction and had notice that he was bound to such conduct as the constitution and by-laws required and that for any intended violation thereof he was liable to be deprived of his membership. If the assignments of error raised the question we could not review the case on its merits in this collateral proceeding. The point pressed on our attention by the appellant's argument is that a copy of the action of the board of governors duly certified by the secretary of the association was not served upon the defendant as provided for in the preamble of the bond, and a distinction is attempted to be drawn between a notice signed by the secretary and a certified copy. An examination of the minutes of the association and of the oral

evidence we think meets this objection. The documents served on the defendant were signed by the secretary of the association and declared to be the action of the board of governors and of the association, and this was a certified copy within the meaning of the preamble of the bond. To certify means to testify to in writing; to make a declaration about in writing; to make attestation in writing; to give certain information of a fact in writing. The records of the meetings were kept by the secretary, and they report as fully as is usual in such informal proceedings the action taken at the respective meetings. There is no reason why the bond should not be understood in accordance with the ordinary meaning of the terms used therein. When, therefore, the secretary gave the defendant an official statement in writing of the action of the board of governors there was a compliance with the requirements of the bond. There is nothing in the bond which required that a "duly certified copy" of the charges preferred against the defendant should be served upon him, and as he was notified in writing by the chairman of the board of governors of the nature of the charges and no objection was made to the regularity or sufficiency of the notice the defendant cannot in this proceeding successfully object on that account. Our attention is called to the notice of the meeting May 20, 1905, at which the defendant was suspended, and it is contended that notice of the action of the board was merely that a motion was made that the defendant be suspended until the next annual meeting. But another important part of the minutes and of the notice is that "At a meeting of the Board of Governors the following resolution passed" referring to the resolution to suspend. The notice is therefore one that the motion to suspend was passed by the board. The conclusion of the learned trial judge is well supported by his reasoning and the evidence. We do not find sufficient grounds for concluding that an error was committed at the trial.

The judgment is affirmed.