H. H. SAWYER, Appellant, v. LORENZEN & WEISE, ET AL.

**Intoxicating liquors:** CONSENT OF ADJOINING PROPERTY OWNERS. The
1 purpose of the statute requiring the proprietor of a mulct saloon to file with the county auditor a written statement of consent to the business from all resident freeholders owning property within fifty feet of the building where the business is to be carried on, is to enable such resident property owners, if so disposed, to prevent the establishment of a saloon within the proscribed limits; but this provision of the statute does not require a proprietor owning property within that limit to file his own statement of consent to the establishment and maintenance of his saloon.

**Same:** RESOLUTION OF CONSENT BY COUNCIL: SUFFICIENCY. There is
2 no proscribed form of the resolution of consent by a city council to the sale of intoxicating liquors, but if the language of the

resolution fairly conveys the idea that the council consents to the establishment of the business by the applicant it will be sufficient. The resolution of consent in this case is held to satisfy the statute.

**Same:** CERTIFICATION OF RESOLUTION OF CONSENT. The statute requiring a certified copy of the resolution of consent by the city council to be filed by the county auditor is satisfied, where the proper custodian of the records of the council subscribes his official attestation to a purported copy of the record in his possession. In this case the certification of the resolution of consent is held sufficient.

*Appeal from Woodbury District Court.*—HON. WM. HUTCHINSON, *Judge.*

WEDNESDAY, OCTOBER 26, 1910.

ACTION in equity to enjoin the maintenance of an alleged liquor nuisance. Decree dismissing bill, and plaintiff appeals.—*Affirmed.*

*John F. Joseph,* for appellant.

*Robert H. Munger,* for appellees.

WEAVER, J.—The defendants are the proprietors of a liquor saloon situated upon certain described lots in the town of Cushing and claim to be conducting the business in accordance with and under the protection of the so-called "mulct statute." It is stipulated that defendants have complied with all the provisions of said statute, unless it be as to the matter of filing with the county auditor a certified copy of the resolution of consent adopted by the town council of Cushing and the further matter of procuring and filing the consent of all resident freeholders owning property within fifty feet of their saloon. Among the conditions to be complied with before the liquor

seller comes within the protection of the statute, it is required that "The person appearing to pay the tax shall file with the county auditor a certified copy of a resolution regularly adopted by the city council consenting to such sales by him and a written statement of consent from all the resident freeholders owning property within fifty feet of the building where said business is carried on." Code, section 2448. The question presented by the record is upon the sufficiency of the defendant's compliance or attempted compliance with these provisions.

I.    The objection to the consent of the property owners is based upon the fact that the defendants themselves own most of the property within fifty feet of the saloon building, and their consent does not appear to have been filed with the county auditor. But we think this contention on the part of appellant calls for an unreasonably strict construction of the statute. The clear purpose of the enactment in this respect is to enable resident property owners if so disposed to prevent the establishment of a saloon within the prescribed limits. To require the proprietor of such business to file his consent to his own voluntary act would be an absurdity. The district court was right in refusing to find any violation of the law on the ground here mentioned.

*1. INTOXICATING LIQUORS: consent of adjoining property owners.*

II.    The other ground upon which injunction is demanded presents a more debatable question. As already noted, the statute requires the person proposing to do business under its terms not only to pay the mulct tax, but also among other things to file with the auditor "a certified copy of a resolution by the town council consenting to his engaging in the business of selling intoxicants." The only paper filed with the auditor and relied upon by the appellees as filling this requirement is in the following form: "Cushing, Iowa. Copy from the regular town

*2. SAME: resolution of consent by council: sufficiency.*

meeting in April, 1909. Motion made and seconded that Lorenzen & Weise be granted liquor license on lots 1 and 2. Carried. N. T. Boudhus, Mayor. Attest: G. W. Lyman, Recorder. Town of Cushing, Iowa. (Corporate Seal)." Indorsed on the back is the following: "Lorenzen & Weise. Consent of Council. Filed June 25, 1909. E. E. Hosmer, County Aud., by W. L. Ehlers, Deputy."

The town recorder as a witness testified that the motion or resolution thus indicated was presented to and adopted by the council and spread upon the record book, and that the paper is a copy of such record. This testimony is objected to by appellant as incompetent and not the best evidence, and for the purposes of this appeal we may concede the point. It may also be conceded that strict compliance with the terms of the statute is necessary to bar the prosecution of the defendants upon the charge of maintaining a nuisance. For instance, it would not be enough for the defendant to file a paper which is in fact an accurate copy of the resolution if it be not certified as such, nor would it be any defense to produce the recorder with his books and show that such a resolution was in fact duly adopted if it appears that a certified copy thereof had not been filed. We are therefore left to inquire whether the paper in question may fairly be said to be a certified copy of a resolution of consent by the town council. This involves a determination whether the action of the council which is thus recorded amounts to a resolution of consent. The motion or resolution is exceedingly informal, but we are disposed to hold that it is not fatally defective. No form is prescribed by statute, and any statement or language which fairly conveys the idea that the council consents to the establishment of the defendants' saloon should be so construed by the courts. The word "license" employed in the resolution is not in all respects the equivalent of consent, but it certainly includes it, and it would be an exceedingly technical and

captious holding to say that the variance is a material one.   So, also, the reference to lots 1 and 2 may contain a latent ambiguity, for it is very likely that there are other lots of like description in the town plat, but the statute does not provide that the resolution of consent shall specify the particular location where the business is to be carried on.

It is a time-honored practice to introduce or preface a resolution with the word "Resolved," and the lack of such formality in this instance is submitted by counsel as sufficient reason for refusing to recognize the action of the council as amounting to a resolution.   There is an occasional precedent giving some color to this contention. *State v. Delesdenier,* 7 Tex. 76; *Galveston v. Morton,* 58 Tex. 409.   We are of the opinion, however, that the thing which the statute requires is an expression of the will of the council upon the question of consenting to the sale of intoxicants by the person applying for such permission, and that such consent be found recorded or embodied in the proper books of the municipality from which the recorder, as the official custodian, may make and certify the copy to be filed with the auditor.   A "resolution" is something less formal than an "ordinance," and, generally speaking, is a mere expression of the opinion or mind of the council concerning some matter of administration coming within its official cognizance, *Railroad Co. v. Chicago,* 174 Ill. 439 (51 N. E. 596), and no set form of words is essential if the requirement which calls for such expression is met.   Subject to certain exceptions noted in Code, sections 683, 684, a resolution does not require a record of the yea and nay vote of the council, and a less formal record of its passage may be sustained than would be required to show the adoption of an ordinance.   The record in the instant case is sufficient to show without reasonable doubt that the town council intended by its action to express its consent to the defendant's proposal to establish

the saloon in question, and the manner of such expression is not so informal as to render it nugatory. *Cooper v. Nelson,* 38 Iowa, 440.

We have then only to consider whether the paper filed with the auditor is within the meaning of the law a "certified copy" of the resolution. It certainly purports to be a copy, and the only feature which can give rise to doubt as to its sufficiency is whether it is properly certified. The recorder is the official custodian of the town records, and as such his certificate to the correctness of the copy is all that is required. Code, sections 4630, 4635, 4643. To be sufficient it is not necessary that the word "certificate" or "certify" should be employed. To "certify," as that term is ordinarily used with reference to documents or papers, is to affirm or to assert in writing the correctness or identity of the designated instrument. *State v. Brill,* 58 Minn. 152 (59 N. W. 989); *State v. Schwin,* 65 Wis. 207 (26 N. W. 568); 2 Words & Phrases, 1033; *State v. Gee,* 28 Or. 100 (42 Pac. 7); *McDonald v. State,* 8 Mo. 283; *Cooper v. Nelson,* 38 Iowa, 440. The indorsement or signing of the copy: "Attest: G. W. Lyman, Recorder"— is but another form of saying "Attested by G. W. Lyman, Recorder." Among the accepted definitions of the word "attest" is "to affirm to be true or genuine." See Webster's International Dictionary. The same authority defines "attestation" as a "solemn or official declaration in support of a fact." It follows that, when the proper custodian subscribes his official attestation to a purported copy of a record in his keeping, he to all intents and purposes affirms or certifies its correctness. A very similar question was before the court in *Cooper v. Nelson, supra,* where the court says: "The purpose of all laws which must be administered by persons ignorant of legal forms and language could be defeated if they were held to great

*3. SAME: certification of resolution of consent.*

strictness and accuracy in their form of expression." See, also, *McGuire v. Church,* 49 Conn. 248.

The copy was therefore sufficiently certified, and having been filed with the auditor in due time, and it being stipulated that defendants have in other respects complied with the law, the decree of the district court must be *affirmed.*