## WYLLY v. McCARL et al.

(District Court, D. Massachusetts. November 28, 1924.)

No. 2018.

Mandamus ⬤�longrightarrow22—May issue at suit of individual naval officer to compel himself as disbursing officer to pay his own salary.

There is nothing so absurd or inconsistent in mandamus by naval officer, who was also disbursing officer, required by invalid orders to make improper deductions, to compel payment of his salary by himself as disbursing officer, as to prevent the granting of relief.

In Equity. Mandamus by Thomas S. Wylly against J. Raymond McCarl and others. Writ granted.

Robert J. White, of Boston, Mass., for plaintiff.

O. R. McGuire, Sp. Asst. Atty. Gen., for defendant McCarl.

John V. Sullivan, Sp. Asst. U. S. Atty., of Boston, Mass., for other defendants.

LOWELL, District Judge. This case presents a situation which resembles the plot of a comic opera rather than a serious problem presented to a court of justice. It is a petition for a writ of mandamus brought by a disbursing officer directed to himself to prevent himself from deducting from his own salary a sum which he had been ordered by the Comptroller General so to deduct, so that he may be ordered to command himself to pay himself the amount which he himself considers to be due himself.

Stripped of its apparent absurdities, the case raises the same question which has already been considered by this court in Mare v., Alexander, 2 F.(2d) 895. There is the further consideration in this case, however, that, as contended by the government, the absurdities set forth present in practice an insuperable difficulty. The government argues strenuously in effect that the dual nature of the respondent's position, the Dr. Jekyll of his high station as a naval disbursing officer, and the Mr. Hyde of his low estate as a lieutenant, prevent any judicial relief; in other words, that his public duty is so inconsistent with his private right that no remedy can be given.

If, however, the opinion of the court already referred to is sound, it would seem to follow that the unfortunate position in which the respondent finds himself should not prevent justice being done. His dual position does not give rise to conflicting duties. If the person asking for the full payment of the installment of salary were another naval lieutenant, it would be his duty, according to the order of this court in the case already cited, to pay it to him in full. He is asking merely for a similar order. If the order is given, and he obeys it, there will be no breach of his duty to the government.

There is authority for granting the petition in this case, and it is granted. Cooper v. Nelson, 38 Iowa, 440.