## Microfilms as Evidence

GAFFORD, Deputy Attorney General, March 5, 1948.—We have your request for an opinion as to whether, if the Department of Health reproduces by microphotography [1] all records on file with the Bureau of Vital Statistics, copies made from the microfilms will be admissible as evidence in the courts of the Commonwealth.

---

[1] "Microphotography is not a new art. Tissandier's 'History and Handbook of Photography', published by Sampson, Low and Company, London, England, in 1876, has an account of its use during the siege of Paris in the Franco-German War. Printed messages were reduced by photography, so considerably, that a bundle weighing fifteen grams and containing eighty thousand words was flown by carrier pigeon to those outside": The Canadian Bar Review, Vol. XX, no. 6, June-July, 1942, p. 546.

At the outset it should be noted that there is a distinction between the instant inquiry and the question as to the extent which State officers or employes may be compelled to comply with a court order or a subpœna duces tecum requiring the production in court of official records of departments or administrative agencies. The latter has previously been the subject of published opinions of this department, as well as judicial decisions [2] and is, therefore, not here considered.

It is the existence of the fundamental principle in our law of evidence, known as the hearsay rule, that gives rise to your present inquiry. Succinctly stated, that rule renders inadmissible in evidence all statements, oral or written, made by a person not called as a witness and which are, therefore, made without the sanction of an oath and the opportunity to be tested by cross-examination: Henry, Pennsylvania Trial Evidence (3d ed. 1940), sec. 270, p. 388. Official statements, however, have long been recognized as an exception to this rule (5 Wigmore on Evidence (3d ed. 1940) §1630, p. 513), and under it copies of the same made by officers lawfully authorized to give copies are receivable in evidence (4 Wigmore on Evidence (3d ed. 1940) §1281, p. 569).

The legislature, which has the power to alter or create rules of evidence,[3] by various enactments applicable to the official records on file in the several departments, boards and commissions of the Commonwealth, has expressly authorized that copies of such records shall be admitted in evidence. Under these

---

[2] As to health records: Marks' Appeal, 121 Pa. Superior Ct. 181 (1936); State Department of Health, 27 Dist. R., 510, 1917-1918 Op. Atty. Gen. 507, 66 Pitts. L. J. 669; Production of State Records in Court, 2 D. & C. 725. As to public assistance records: Public Assistance Visitors and Records, 35 D. & C. 89. As to tax reports: Commonwealth v. Mellon National Bank and Trust Co., 62 D. & C. 105.

[3] 1 Wigmore on Evidence (3d ed. 1940) §7, p. 208, citing: Foster v. Gray, 22 Pa. 9 (1853).

acts, *certified* copies of such records are admissible in all cases where the originals would be admitted. This applies to records in the office of the Secretary of the Commonwealth,[4] State Treasurer,[5] Auditor General,[6] Insurance Department,[7] Department of Banking,[8] Department of Military Affairs,[9] Workmen's Compensation Board,[10] Public Utility Commission,[11] and the Pennsylvania Aeronautics Commission.[12]

By section 505 of The Administrative Code of April 9, 1929, P. L. 177, 71 PS §185, it is provided that:

"Each administrative department, each independent administrative board and commission, shall, and any departmental administrative board or commission may, adopt and use an official seal. A copy of any paper or document on file with any such department, board, or commission, authenticated by any such seal, shall be evidence equally and in like manner as the original."

---

[4] Section 1, Act of March 31, 1823, P. L. 233, 28 PS §99. As to business corporation records filed in the Department of State: Section 11 of the Business Corporation Law of May 5, 1933, P. L. 364, as amended, 15 PS §2852-11. As to records of building and loan associations: Section 13 of the Building and Loan Code of May 5, 1933, P. L. 457, 15 PS §1074-13. As to documents filed under the Banking Code: Section 13, Act of May 15, 1933, P. L. 624, 7 PS §819-13.

[5] Section 1, Act of March 31, 1823, P. L. 233, 28 PS §99.

[6] Ibid.

[7] Section 207 of The Insurance Department Act of May 17, 1921, P. L. 789, 40 PS §45.

[8] Section 9 of the Department of Banking Code of May 15, 1933, P. L. 565, 71 PS §733-9.

[9] Section 1, Act of April 11, 1867, P. L. 68, 28 PS §106.

[10] Section 433 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §1011.

[11] Section 909 of the Public Utility Law of May 28, 1937, P. L. 1053, 66 PS §1349.

[12] Section 610 of The Aeronautical Code of May 25, 1933, P. L. 1001, as amended, 2 PS §1484.

With respect to the records of the Department of Health or of any bureau or division thereof, the Act of May 29, 1907, P. L. 305, 28 PS §98, provides:

". . . copies of all records, documents, and papers in the possession of the Department of Health, or of any bureau, division, or officer thereof, when duly certified by the Commissioner of Health (now Secretary of Health),[13] under the seal of the Department of Health, shall be received in evidence in the several courts of this Commonwealth in all cases where the original records, documents, and papers would be admitted in evidence, with the same force and effect as the originals."

With particular reference to vital statistic records, i. e., relating to births, marriages and deaths, such records, being "public documents" or "official records," are receivable in evidence as a proper exception to the hearsay rule: 32 C. J. S. §638 (a), 495 citing: Marks's Appeal, 121 Pa. Superior Ct. 181, 189 (1936). By express legislative enactment,[14] certified copies of these records are admissible in evidence and are prima facie evidence of the facts therein stated: Case Records of Hospitals and Doctors As Evidence Under The Business Records Act (1947), 21 Temple Law Quarterly 113, 118. The statutory provision reads, in part, as follows:

". . . any such copy of the record of a birth, or death, or marriage, when properly certified by the Department of Health to be a true copy thereof, shall be prima facie evidence in all courts and places of the facts therein stated. . . ."

---

[13] Section 206 of The Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §66.

[14] Section 21 of the Act of June 7, 1915, P. L. 900, as last amended by section 7 of the Act of April 22, 1937, P. L. 399, 35 PS §471.

Under this proviso, it has been held that courts are fully warranted in receiving in evidence certified copies of such records: Trotter v. Industrial Life Ins. Co., 115 Pa. Superior Ct. 487, 490 (1934).

A similar provision is contained in section 14 (2) of the Uniform Vital Statistics Act (Act of May 21, 1943, P. L. 414, as amended, 35 PS §505.14(2), effective September 1, 1943), which act, we have previously stated (Vital Statistics Records, 49 D. & C. 432, 435 (1944)), sets up a general and exclusive system covering the subject it deals with, and which provision reads as follows:

"Copies of the contents of any certificate on file in the department (Department of Health), or any part thereof, certified by the department, shall be considered for all purposes the same as the original, subject to the requirements of sections 18, 19 and 20." [15]

The authorization for the making of microfilm records was expressly conferred by section 5 of the Act of July 21, 1941, P. L. 429, 71 PS §205, which added section 525 to The Administrative Code of 1929. This section reads as follows:

"Any administrative department, board or commission may, with the approval of the Executive Board, have micro film records made of any correspondence, records or other papers for the purpose of protecting and safeguarding the original correspondence, records or other papers, or for the purpose of conserving filing space, and such micro film reproduction shall, when properly identified, be admitted in evidence in any proceeding in place of the original correspondence, records or other papers."

---

[15] Sections 18 and 19 relate to "delayed" and "altered" certificates and provide that the probative value of such certificates shall be determined by the judicial or administrative body or official before whom they are offered as evidence; section 20 relates to the disclosure of vital statistic records.

Section 1 of the Act of May 7, 1943, P. L. 243, 71 PS §205, enlarged the scope of this section so as to provide that when such microfilm records are made in accordance therewith, for the conservation of filing space, the administrative department, board or commission whose records are so microfilmed "may, with the approval of the Executive Board,[16] destroy such original correspondence, records or other papers."

The last session of the legislature, by the Act of July 5, 1947, P. L. 1333, 71 PS §1661.1 et seq., carrying a specific appropriation, provided for the establishment of a service unit to be available for all departments, boards and commissions for the photographing of correspondence, records, reports and papers of every description which are to be preserved. This enactment further provided that upon receipt by such departments, boards and commissions of the developed film and the determination of its clarity, the originals "shall" be destroyed, "with the approval of the Executive Board as provided by The Administrative Code of 1929, as amended."

From the foregoing statutory provisions, it is to be observed that while the 1941 amendment to The Administrative Code of 1929 makes the microfilm reproduction of records of departments, boards or commissions, "when properly identified", admissible in evidence in place of the original records, nevertheless, with reference to vital statistic records, both the prior Act of June 7, 1915 (section 21), as last amended by the Act of April 22, 1937, supra, as well as the Uniform Vital Statistics Act of 1943 (section 14 (2)) supra, provide that copies of such records are admissible in evidence only when "certified." A "certified" copy of such a record makes it admissible under both the enactment requiring identification and the acts requiring certification; for the term "certify", as ordinarily used with reference to documents, has been defined as

---

[16] Section 204 of the Act of April 9, 1929, P. L. 177, 71 PS §64.

meaning to affirm or to assert in writing the correctness or identity of the designated instrument: Sawyer v. Lorenzen & Weise, 149 Iowa 87, 127 N. W. 1091 (1910); Harting v. Cebrian, 10 Cal. App. (2d) 10, 51 P. (2d) 195 (1935); 14 C. J. S. 114. See also: Title G. & Tr. Co. of Scranton v. Hildebrand, 41 Pa. Superior Ct. 136, 140 (1909).

We are, therefore, of the opinion, and you are accordingly advised, that the Department of Health may, with the approval of the Executive Board, have microfilm records made of all records on file with the Bureau of Vital Statistics, for the purpose of protecting, safeguarding and preserving the originals or for the purpose of conserving filing space, and copies made from such microfilms are, when duly certified by the department, admissible in evidence in place of the originals, as prima facie evidence of the facts therein stated, in all courts of the Commonwealth.